428 So.2d 1199 (1983)
James D. WEINNIG, Jr., Individually and on Behalf of His Minor Children, Allison Theresa Weinnig and James Dennis Weinnig
v.
BROWN & ROOT, INC., Highlands Insurance Co., George Staggs, Gene Hembre, Kevin Riggins, Joe Burkes, and Rebel Crane and Service Co., Inc., and ABC Insurance Co.
No. 82-CA-154.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
Rehearing Denied April 18, 1983.
Fred L. Herman, New Orleans, Ronald P. Thibodeaux, Gretna, for plaintiff-appellant.
Lisa W. Wall, Paul G. Preston, New Orleans, for defendants-appellees.
Before CHEHARDY, BOWES and DUFRESNE, JJ.
DUFRESNE, Judge.
This appeal stems from the trial court's dismissal of plaintiff's tort suit on a motion for summary judgment. The issue presented in this tort suit is the validity of the summary judgment granted by the trial court declaring that plaintiff's exclusive remedy is under the worker's compensation statute.
This case arises out of the work related accident and subsequent death of Theresa Weinnig. While decedent was under the employ of Brown & Root, Inc. and in the course and scope of her employment, she sustained a fatal injury when several heavy pipes fell crushing her to death at the Brown & Root pipeyard in Belle Chasse, Louisiana.
Consequently, a workmen's compensation claim was filed by her husband, James D. Weinnig, Jr. (plaintiff) against her employer, Brown & Root, Inc. (defendant). Additionally, the plaintiff filed a tort suit in Jefferson Parish alleging that the defendants (namely, Brown & Root, Inc. and certain of its executive officers) intentionally *1200 injured plaintiff's deceased wife or were substantially certain that harm would result as a consequence of their conduct.
The plaintiff contends in his petition that the untimely death of his wife was caused by the following:
1. Failure to provide a safe place for decedent to work.
2. Failure to provide adequate safety precautions;
3. Failure to supply, maintain and use safe equipment in stacking the pipe when it knew or should have known that such a dangerous condition existed;
4. Failure to take proper measures to prevent serious injury in the pipeyard when it knew or should have known that using rotten and/or weak wood to stack the pipes was likely to result in death or serious injury to employees;
5. Improper direction and operation of the crane used in moving the pipe;
6. During the process of storing pipes, the pipe was not blocked or interlocked properly and thus the pipe was not stable so as to be secure against sliding and/or collapse.
7. Improper placing and stacking of the pipe in such a manner as to create an unreasonable risk of harm to Theresa Lynne Weinnig.
That the above acts were committed under circumstances wherein the defendants knew and/or desired the fatal consequences of their actions or believe that such consequences were substantially certain to follow from their actions and/or failure to act.
Defendants filed a motion for summary judgment claiming that no one intended to bring about the incident which killed plaintiff's wife, that there were no issues of material fact, and that plaintiff was limited to recovery under LSA-R.S. 23:1032, the Louisiana Workmen's Compensation statute. The trial court granted defendant's motion and later denied plaintiff's motion for a new trial. From the sustaining of the motion for a summary judgment the plaintiff has appealed.
Under the Louisiana Workmen's Compensation Statute, an employee is entitled to compensation for an accident or illness arising out of and in the course of employment. LSA-R.S. 23:1031. The exclusive remedy provision prevents the employee from seeking recovery in tort for an injury sustained in the course and scope of employment, which injury was negligently caused by his co-employee or employer. LSA-R.S. 23:1032. However, there exist two exceptions to the exclusive remedy provision: (1) Where the injury is caused by the intentional acts of a fellow employee or employer, or (2) where injuries occur outside the course and scope of employment. LSA-R.S. 23:1032.
In the latest pronouncement by our Supreme Court in Bazley v. Tortorich, 397 So.2d 475 (La.1981) the court equated the term "intentional act" in the statute with the concept of intentional tort in civil cases. The court defined "intent" as existing when the defendant either overtly desired to bring about the physical results of his act or believed that they were certain or substantially certain to follow from his conduct.
The trial court held that there were no controverted facts related to the ultimate legal issue of intent. As a result, the lower court granted defendant's motion for summary judgment and precluded the need for a trial. We disagree.
LSA-C.C.P. Art. 966 which establishes the procedure for summary judgment reads in part as follows:
"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
As applied to this case, the issue is whether the record contains sufficient evidence to convince the court that there is no genuine issue as to material fact that the defendants collectively or individually did or did not commit an "intentional act" which caused the death of the plaintiff.
Plaintiffs argue that the trial judge erred in granting defendants' motion for *1201 summary judgment on the ground that there exists a genuine issue of material fact. Our review of the record reveals that the affidavits filed on behalf of the defendants denying both their desire to bring about decedent's death and their belief that the incidents were certain to follow are totally self-serving. These are the conclusions that a full trial on the merits would have to establish to absolve the defendants of any liability.
Accordingly, we conclude that the factual allegations of the plaintiff are still at issue and can only be resolved by a trial on the merits which would give the plaintiff the opportunity to establish whether or not there exists an intentional tort as required by La.R.S. 23:1032 and as further defined by the Supreme Court in Bazley v. Tortorich, supra.
For the foregoing reasons, the judgment of the district court granting the defendants' motion for summary judgment is reversed and the matter is remanded for trial on the merits.
REVERSED AND REMANDED.