CURRAULT, Judge.
This appeal originates in the Twenty-Ninth Judicial District Court, Division “A”, *827 wherein the Honorable William Bradley rendered judgment granting defendants’ motion for summary judgment thereby dismissing plaintiffs’ petitions. Plaintiffs have appealed contesting that judgment.
Ralph H. McCormick and Richard J. Si-moneaux, Sr., both employees of E.I. Du-pont De Nemours & Company, Inc. (Du-pont), sustained injuries as the result of an explosion and fire which occurred on July 12, 1983, at Dupont’s Pontchartrain Works Plant located in the Parish of St. John the Baptist, State of Louisiana. As a consequence of those injuries, both individuals died weeks later.
The widows of each decedent, individually, and in their capacities as the natural tutrix and administratrix of the estates of their minor children, filed suit for the recovery of damages sustained by their deceased husbands, by themselves individually, and by the minor children whom they represent. Plaintiffs filed their tort suits alleging that the decedents’ injuries, and resulting deaths, were caused by the intentional acts of the Dupont Corporation, its officers, agents, employees and/or representatives, and by the intentional acts of the Dupont plant manager, William D. Cobb. The plaintiffs filed a first request for production of documents and things, following which the defendants answered with a general denial asserting workers’ compensation as the sole and exclusive remedy available to the plaintiffs.
Some eight days after filing their answer, the defendants moved for a summary judgment dismissing these suits on the grounds that, “as appears from the affidavit of William D. Cobb, defendants did not desire that the explosion and fire in which plaintiff’s decedent was injured should occur and they did not know or have reason to believe that said explosion was substantially certain to follow from anything that they did; that, without such proof of intent, plaintiff’s exclusive remedy is under the Louisiana Workers’ Compensation Statute LSA-R.S. 23:1031-2, that there is therefore no genuine issue as to any material fact insofar as plaintiff’s demand against movers is concerned_” Simultaneous with the filing of their motion for summary judgment, the defendants sought a protective order relieving them from the necessity of answering or objecting to plaintiffs’ request for production until disposition was made of defendants’ motion for summary judgment.
Plaintiffs then served the defendants with a second request for production of documents and things in which they sought certain documents suggested by, and referred to, in the Cobb affidavit. They next propounded and served upon defendants interrogatories captioned “First Set of Interrogatories.” Failing to receive responses to their first and second requests for production of documents and things, a motion to compel such discovery was then filed. When discovery was not forthcoming, plaintiffs filed a motion to strike the affidavit of William D. Cobb and/or to continue defendants’ motion for summary judgment indefinitely pending the completion of discovery, together with an accompanying memorandum and affidavit in support thereof.
All motions, of both defendants and plaintiffs, were heard and submitted to the court for adjudication on the same date. By judgment, dated March 5, 1984, the action of the trial court was as follows:
(1) ruled that there were no genuine issues of material fact;
(2) defendants’ motion for summary judgment granted and plaintiffs’ suits dismissed; and
(3) all remaining motions rendered moot.
Subsequent to their dismissal, plaintiffs timely filed motions for a new trial. Their motions were perfunctorily denied by the trial judge without being afforded an opportunity for oral argument. Plaintiffs have now brought this appeal.
This matter was originally heard November 12, 1984, and an opinion rendered December 11, 1984. Appellants subsequently filed a motion for clarification and/or modification of opinion. Pursuant to that motion, this court by its own motion vacated *828 and set aside its previous decision and reset the matter for oral argument. With rehearing completed, this opinion follows.
Weinnig v. Brown & Root, Inc., 428 So.2d 1199 (La.App. 5th Cir.1983) writ granted 434 So.2d 1099 (La.1983) reconsideration denied 437 So.2d 1136 (La.1983), presented this court with a similar issue.
Theresa Weinnig, while under the employ of Brown & Root, Inc. sustained a fatal injury. James D. Weinnig, her husband, filed a tort suit against Brown & Root, Inc., alleging defendants (Brown & Root, Inc. and certain of its executive officers) intentionally injured his deceased wife or were substantially certain that harm would result as a consequence of their conduct.
Defendants filed a motion for summary judgment claiming that no one intended to bring about the incident which killed plaintiff’s wife, that there were no genuine issues of material fact, and that plaintiff was limited to recovery under LSA-R.S. 23:1032; Louisiana’s Workers’ Compensation Statute.
In reversing the trial court’s granting of defendants’ motion, this court, 428 So.2d at pages 1200-01, stated:
Plaintiffs argue that the trial judge erred in granting defendants’ motion for summary judgment on the ground that there exists a genuine issue of material fact. Our review of the record reveals that the affidavits filed on behalf of the defendants denying both their desire to bring about decedent’s death and their belief that the incidents were certain to follow are totally self-serving. These are the conclusions that a full trial on the merits would have to establish to absolve the defendants of any liability.
Accordingly, we conclude that the factual allegations of the plaintiff are still at issue and can only be resolved by a trial on the merits which would give the plaintiff the opportunity to establish whether or not there exists an intentional tort as required by La.R.S. 23:1032 and as further defined by the Supreme Court in Bazley v. Tortorick, supra [397 So.2d 475].
However, our Supreme Court reversed We-innig, supra, without written reasons and thereafter declined reconsideration. Appellants argue that Weinnig, supra, is patently distinguishable from the matter sub ju-dice. We agree.
In Weinnig, supra, the trial court granted summary judgment only after voluminous discovery. Such discovery was conducted over an extended period of time and included the depositions of all defendants present at the scene when the accident occurred.
In contrast, appellants before us now have been completely denied the opportunity for discovery. The record contains only the affidavit of William D. Cobb, who not only speaks for himself, individually, but likewise endeavors to testify for all officers, agents, employees, and representatives of the corporate defendant, Dupont.
Motions for summary judgments should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. A summary judgment should not be granted when it is either based upon affidavits, and other evidence, establishing a subjective fact such as intent, or when the ultimate decision in that case will be based upon a judicial determination of subjective facts. Whitney v. Mallet, 442 So.2d 1361 (La.App. 3d Cir.1983).
Appellees’ summary judgment was granted based solely upon one affidavit which does not lay to rest all of the genuine issues of material fact nor in any way demonstrates appellees’ entitlement to a judgment as a matter of law. In this case, appellees’ affidavit alone is insufficient, under both the law and jurisprudence of this state, to grant summary judgment.
Accordingly, for the above cited reasons, the judgment of the district court granting defendants’ motion for summary judgment is hereby reversed, the motions previously *829 rendered moot are now viable, and the matter remanded for further proceedings consistent with this judgment. Appellees are to pay all costs of this appeal.
REVERSED AND REMANDED.