408 So.2d 937 (1981)
Linda P. REAGAN, Individually and on Behalf of her Minor Children, Plaintiff-Appellant,
v.
OLINKRAFT, INC. et al., Defendants-Appellees.
No. 14712.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1981.
Rehearing Denied January 18, 1982.
Writ Denied March 19, 1982.
Paul H. Kidd, Monroe, for plaintiff-appellant.
Shotwell, Brown & Sperry by L. Michael Ashbrook, Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, Fontenot & Hurlburt by J. Winston Fontenot, Lafayette, for defendants-appellees.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
En Banc. Rehearing Denied January 18, 1982.
JASPER E. JONES, Judge.
This is a wrongful death and survival action. Plaintiff appeals from a judgment sustaining an exception of no cause of action on the grounds that benefits under the workers' compensation statute constitutes plaintiff's exclusive remedy.
The decedent, Bobby Reagan, was employed as a back tender on a paper machine at a paper mill in West Monroe, Louisiana. Decedent worked very near to a paper machine which had large spinning rollers. While at work on October 6, 1979 decedent became entangled in the rollers and was pulled into the paper machine, crushed and killed.
Reagan's widow, Linda, individually and as tutrix of her three minor children, brought this action against Olinkraft, Inc., the former operator of the mill, Manville *938 Forest Products, Inc., the operator of the mill, Dominion Engineering of Quebec, Canada, a successor to the corporation which manufactured the paper machine, and seven individuals, James H. Willis, John W. Dollar, Leonard Deney, Ted McCroklin, John D. Mullens, Don Harrison and Don Woods, Sr., all of whom are officials in the mill. Plaintiff claimed damages totaling $4,765,000 for the death of her husband and father of her children.
All of the defendants, with the exception of Dominion Engineering, filed exceptions of no cause of action on the grounds that plaintiff's sole remedy was for benefits under the workers' compensation statute.
Plaintiff's initial petition was drafted as an ordinary negligence action; she amended the petition in an effort to allege an intentional tort by amending paragraph 20 to read as follows:
Defendants Olinkraft, Inc. and Manville Forest Products Corporation, their agents, employees, and officers and particularly James H. Willis, John W. Dollar, Leonard Deney, Ted McCroklin, John D. Mullens, Don Harrison, and Don Woods, Sr., were well aware of the inherently dangerous operating condition and procedures associated with Number 3 Paper Machine in Plant Number 31 long before and on October 6, 1979. Said defendants were aware of prior accidents involving this same machinery and/or identical and/or essentially the same machinery. Safety and staff meetings at all levels of management involving all of defendants to discuss and to decide upon a future course of action, prior to October 6, 1979 as to the manner, method, modification, etc. of Number 3 Paper Machine and all other similar machines having the same inherently dangerous operating conditions and procedures. On each occasion of the various meetings, described above, two options were discussed, to-wit:
A. Shall we continue Number 3 Paper Machine and the other similar type machines which have the same inherently dangerous operating conditions and procedures in the way we have done in the past? or
B. Shall we spend the necessary moneys to modify and make safe Number 3 Paper Machine and other similar type machines to eliminate the inherently dangerous operating condition and procedures?
Full, complete, and detailed in-depth discussions with cost analysis for modifications were had by all of the defendants. Defendants were advised by each other and particularly by their Safety Director and his subordinates that a fatality could result from Number 3 Paper Machine and other similar type machines which were inherently dangerous, both as to operation and procedure of operation, unless modifications were made to the machinery to make them safe.
Defendants made a decision, being fully aware of all the ramifications as outlined above. They consciously and intentionally decided to continue the inherently dangerous operation and procedures of Number 3 Paper Machine and other similar or identical type machinery rather than spend the necessary moneys to make them safe. Defendants consciously refused to make the necessary safety modifications to Number 3 Paper Machine, which if they had been made would have prevented the death of Bobby G. Reagan. The above described intentionally and consciously perceptive acts of defendants constitutes the commission of an intentional tort because the results of their concious [sic] and perceptive decision to refuse to act could have been reasonably anticipated to result. (Johnson v. Chicago Mill and Lumber Co., [385 So.2d 878] La.App. 2d Cir. 1980). [sic] The acts of the individual above named defendants is imputed to Olinkraft, Inc. and Manville Forest Products, Inc. pursuant to the doctrine of respondeat superior.
The trial judge sustained the exceptions of no cause of action based on LSA-R.S. 23:1032.[1] The action was dismissed as to *939 Olinkraft, Manville, and the seven individual defendants.
On appeal plaintiff assigns as error the sustaining of the exceptions of no cause of action by the trial judge in view of the allegations of paragraph 20 of the amended petition. The issue is: does the petition allege an intentional tort? We conclude that it does not and affirm.
The crux of the allegations of amended paragraph 20 of the petition is that the defendants made an economically motivated decision not to improve the safety of the paper machine and that it could be "reasonably anticipated" that Reagan would die as a result. The allegations of paragraph 20 are the only ones not clearly within the scope of the provisions of R.S.23:1032 which provides plaintiff's exclusive remedy under the workers' compensation statute. For this reason we shall only consider the allegations of paragraph 20 in our determination of this appeal.
LSA-R.S.23:1032 limits the remedy of workers or their families to workers' compensation rather than tort unless there is an intentional act involved in the injury. Under R.S.23:1032 intentional act means the same thing as intentional tort. Bazley v. Tortovich, 397 So.2d 475 (La.1981). Therefore, unless the petition alleges an intentional tort the exception of no cause of action is proper since Reagan was clearly within the course and scope of his employment at the time of his fatal injuries.
The function of the exception of no cause of action is to test the legal sufficiency of the petition. The language of the petition is construed in favor of its sufficiency. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). The well pleaded allegations of fact in the petition are taken as true and the exception is triable on the fact of the pleadings. Eschete v. City of New Orleans, 258 La. 134; 245 So.2d 383 (1971). Thus, this case turns on whether or not, under any reasonable construction of the petition, assuming its allegations of fact to be true, there is an intentional tort alleged.
In Bazley, supra, the supreme court sets out what is required for an act to be intentional: the actor must either (1) desire the physical results of his act or (2) know that the consequences are certain, or substantially certain, to result. There is no allegation that the defendants desired the death of Bobby Reagan. Our inquiry is can the allegations of the petition be reasonably construed to mean that when the defendants decided not to alter the machine they knew that it was substantially certain that Reagan would be killed.
A comparison of the language used in the petition and the test set forth in the Bazley case is appropriate at this point. The petition alleges that the death "could have been reasonably anticipated." In Websters New Twentieth Century Dictionary (2d Ed.) the definitions of anticipate include to foretaste or foreseen. Webster's indicates that expect is a stronger word than anticipate. "Reasonably" means moderately or fairly. State v. Dority, 55 N.M. 12, 225 P.2d 1007 (1950); Horn v. Territory, 8 Okl. 52, 56 P. *940 846 (1899). Thus, the allegations of the petition could be restated as "moderately foreseen or "fairly foreseen."
Bazley requires that the result be at least "substantially certain." "Substantially" means about, practically, nearly, almost, essentially or virtually. St. Louis-Southwestern Railway Company v. Cooper, 496 S.W.2d 836 (Mo.1973); American Fed. of Government Emp. AFL-CIO v. Rosen, 418 F.Supp. 205 (N.D.Ill.1976). Websters includes "sure" and "inevitable" among its definitions of "certain." The language of Bazley then might be restated as "virtually sure" or "nearly inevitable."
It is evident that there is a wide gulf between what the petition alleges and what Bazley requires. This gap cannot be closed under the guise of liberal construction of pleadings. The best the petition can be said to allege is that the defendants knew there was a fair chance that Reagan's death might result from their decision, while Bazley requires an allegation that the defendants knew there was almost no chance of anything other than death resulting.
Even if plaintiff proved all of the allegations of the petition, she would still be limited to workers' compensation benefits by R.S.23:1032 since the allegations are insufficient to be an intentional tort even if proved. Thus, the exception of no cause of action was correctly maintained.
The result we have reached is supported by the case of McDonald v. Boh Bros. Const. Co., Inc., 397 So.2d 846 (La.App. 4th Cir. 1981). In McDonald an injured worker attempted to avoid R.S.23:1032 on the strength of allegations that he had been intentionally ordered to work in a dangerous way at a dangerous place exposing him to great risk of harm. The court held those allegations were insufficient to state a cause of action because there was no allegation that the co-employee who gave the orders knew or should have known that the accident was substantially certain to follow.
The substance of the allegation in McDonald was that the worker had been made to do a very dangerous job. The Fourth Circuit found that was not enough to allege an intentional act. That is the same situation we have here. Plaintiff alleges that Reagan was required to do a very dangerous job, but none of plaintiff's allegations can reasonably be interpreted to mean that the defendants knew it was substantially certain that Reagan would be injured or killed. Thus, the allegations in plaintiff's petition fail to allege that Bobby Reagan's death was the result of an intentional act of appellees within the contemplation of R.S. 23:1032.
At appellant's cost, the judgment is AFFIRMED.
NOTES
[1] R.S.23:1032: The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.