436 So.2d 1333 (1983)
Lovett D. MIZE
v.
BEKER INDUSTRIES CORP., the Duriron Company, Inc., Mechanical Services, Inc., Lou Cupler, Ralph Tucker, Percy Colon, Lester Breaux, Jack Dano and Glenn Breau.
No. 83-CA-333.
Court of Appeal of Louisiana, Fifth Circuit.
August 8, 1983.
Gregory F. Gambel, Cummings & Gambel, New Orleans, for plaintiff-appellant.
Stanley Renneker, McGlinchey, Stafford, Mintz & Cellini, New Orleans, for defendants-appellees.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
GAUDIN, Judge.
Lovett D. Mize instituted this tort proceeding against several corporations and various supervisory personnel in the 29th Judicial District Court seeking damages because of an on-the-job injury. Defendants' motion for summary judgment was granted by the trial judge and the case dismissed.
Appellant contends that his pleadings sufficiently set forth a claim and that there are genuine issues of material fact requiring *1334 a trial. For reasons following, we do not agree.
In accord with LSA-R.S. 23:1032, an injured employee is limited to workmen's compensation benefits unless (1) he was engaged in an activity outside the normal course and scope of his regular employment or (2) his injury was the result of an intentional act.
A maintenance mechanic, Mize was hurt, according to the petition, while he was working "... at the Beker Chemical Plant... when acid suddenly and without warning came from a system which had been locked off..." The acid sprayed appellant's face, injuring his eyes.
Appellant's original pleading lists various acts of negligence "... sufficient to constitute a negligent act ..." and further alleges that several defendants negligently undertook activities "... outside the normal course and scope of their employment in that they failed to possess the requisite expertise in providing safe transfer of acid."
In the supplemental and amended petition, appellant states that defendants' "... negligence was sufficient to constitute an intentional act, the injury was forseeable and it could have been anticipated that failure to take proper precautionary steps the harm involved would have occurred and therefore the defendant intended the harm."
In response, the defendants denied these allegations and further said that appellant's injury was caused or partially caused by his own negligence. Also, defendants alleged that appellant's sole remedy was under the workmen's compensation statutes. Subsequently, a motion for summary judgment was filed, supported by an affidavit executed by Louis J. Kupfer, the vice president of Beker and one of the named defendants.
The trial judge did not assign reasons for granting the motion for summary judgment, but no doubt he concluded (1) that Mize was working within the course and scope of his normal employment and (2) that appellant's pleadings did not sufficiently allege facts or events that would support a claim outside of workmen's compensation.
Concerning (1) above, Kupfer's affidavit states unequivocably that Mize was working within the course and scope of his employment, and appellant did not file countervailing affidavits as suggested by LSA-C.C.P. art. 967. On appeal, Mize does not strenuously argue that he was working outside of his expected employment.
With regard to (2), Louisiana courts have been reluctant to classify even negligent acts as intentional within the meaning of R.S. 23:1032. See Bazley v. Tortorich, 397 So.2d 475 (La.1981), and Citizen v. Theodore Daigle and Brother, Inc., 418 So.2d 598 (La.1982). In Citizen, the pointing of a gun at and the shooting of one employee by another were found by the Supreme Court of Louisiana to be unintentional insofar as R.S. 23:1032 was concerned.
In Reagan v. Olinkraft, Inc., 408 So.2d 937 (La.App. 2nd Cir.1981), writ denied March 19, 1982, the court discussed at length the necessity of adequately pleading a tort action by an injured worker.
The court said at page 940:
"It is evident that there is a wide gulf between what the petition alleges and what Bazley requires. This gap cannot be closed under the guise of liberal construction of pleadings. The best the petition can be said to allege is that the defendants knew there was a fair chance that Reagan's death might result from their decision, while Bazley requires an allegation that the defendants knew there was almost no chance of anything other than death resulting.
Even if plaintiff proved all of the allegations of the petition, she would still be limited to workers' compensation benefits..."
Here, the situation is the same. Should Mize prove all of his allegations, he would likely establish negligence but not that any defendant wanted appellant hurt or that any defendant knew that there was almost no chance of anything but an accident occurring.
*1335 Counsel for appellant argues that this State's jurisprudence has not provided functional guidelines with regard to the definition of an intentional act. For example, the defendant's conduct in Citizen could well be classified as criminal yet it was held not to be intentional regarding R.S. 23:1032.
This much, however, seems certain: For an injured worker to pursue an R.S. 23:1032 tort claim, he must precisely allege acts or omissions that call for almost the same degree of proof as that required in a criminal proceeding. Otherwise, the petition language falls short, as it does in the instant case.
We therefore affirm the decision of the 29th Judicial District Court granting the motion for summary judgment filed by defendants-appellees.
AFFIRMED.