442 So.2d 1246 (1983)
Doris Marie DARVILLE, Individually and on Behalf of her Minor Children, Bryan Darville, Marvis Darville and Tiki Darville
v.
TEXACO, INCORPORATED and XYZ Insurance Company.
No. 83-CA-365.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1983.
*1247 John S. White, Jr., Baton Rouge, for intervenor-appellant.
Wiley G. Lastrapes, Jr. and Joan G. Quinters, New Orleans, for defendants-appellees.
Paul J. Galuszka, New Orleans, for plaintiff-appellant.
Before BOUTALL, GAUDIN and GRISBAUM, JJ.
GAUDIN, Judge.
The primary issue in this appeal is whether petitioners sufficiently spelled out a cause of action under the intentional tort statute, LSA-R.S. 23:1032.
The trial judge did not think so and he maintained two exceptions, terminating the case. Appellants also complain because of the failure of the trial judge to authorize additional pleadings.
For the following reasons, we affirm the maintaining of the exceptions and the refusal to allow more pleadings.
Plaintiffs are the surviving widow and children of Austin Darville, who died as the result of an explosion and fire that occurred on December 3, 1979. At that time, Mr. Darville was employed by Louisiana Vacuum Service, Inc. and was working at the Texaco refinery in Convent, Louisiana.
Defendants are Texaco, Inc. and various executive officers of Texaco.
Along with this lawsuit, plaintiffs filed a similar complaint in United States District Court for the Eastern District of Louisiana. In the federal case, it was finally decided[1] that Texaco was a statutory employer of Mr. Darville. Thus, Mrs. Darville and her children are limited to workmen's compensation benefits unless they can qualify under R.S. 23:1032. This statute restricts an injured employee to workmen's compensation unless (1) he was engaged in an activity outside the normal scope of his employment or (2) his injury was the result of an intentional act. It was not contended that Mr. Darville was working outside of his usual employment.
In their original petition, Mrs. Darville and the children contended that Texaco was negligent and that the doctrine of res ipsa loquitur is applicable.
In first and second supplemental and amended petitions, plaintiffs named various executive officers and stated:
"The acts and omissions of the corporate and/or executive officers ... were of such a nature as to meet any requirements of Louisiana law relative to `intentional tort'."
It was alleged that the executive officers:
(1) Compelled the use of machinery in conjunction with the running of a gasoline engine, which made an explosion a substantial certainty;
(2) Compelled the use of unsafe equipment;
(3) Failed to provide (a) safe working conditions, (b) proper facilities and (c) safe working equipment;
(4) Failed to perform recommended safety procedures or to take proper measures to prevent an explosion;
(5) Failed to comply with safety regulations and statutes;
(6) Failed to install adequate warnings;
(7) Failed to establish, promulgate and teach safety procedures and guidelines;
(8) Improperly designed, manufactured and installed equipment; and
(9) Failed in numerous other ways to insure safety.
In response, the executive officers filed an exception of no cause of action contending that the pleadings were inadequate
*1248 "... for an intentional tort." Also, Texaco and one of the executive officers, A.A. Reisdorf, filed an exception of res judicata because of the federal court disposition.
The Supreme Court of Louisiana, in Bazley v. Tortorich, 397 So.2d 475 (La.1981), stated, regarding R.S. 23:1032, that the "... principal legislative aim ... was to broaden the class of defendants to be granted immunity from suits by injured employees in tort ..." Subsequent to Bazley, a series of decisions have pointed out the difficulty a plaintiff has in successfully pleading an intentional tort action. See Maddie v. Plastic Supply & Fabrication, 434 So.2d 158 (La.App. 5th Cir.1983), and Weinnig v. Brown & Root, 428 So.2d 1199 (La.App. 5th Cir.1983), reversed at 434 So.2d 1099 (La.1983).
The pleading requirements under R.S. 23:1032 and Bazley are strict; and, as we said in Mize v. Beker Industries, 436 So.2d 1333 (La.App. 5th Cir.1983):
"... for an injured worker to pursue an R.S. 23:1032 tort claim, he must precisely allege acts or omissions that call for almost the same degree of proof as that required in a criminal proceeding. Otherwise, the language falls short..."
The pointing of a gun at and the shooting of one employee by another were found by the Supreme Court to be unintentional insofar as R.S. 23:1032 is concerned. Citizen v. Theodore Daigle and Brother, Inc., 418 So.2d 598 (La.1982).
In Reagan v. Olinkraft, 408 So.2d 937 (La.App. 2nd Cir.1981), the court stated that liberal construction of pleadings cannot be used to keep an action alive if Bazley requirements are not satisfied.
Here, the pleadings are similar to those in Weinnig and would show, if proven, negligence on the part of Texaco's executive officers but not that any executive officer either wanted the explosion to take place or knew or believed that the explosion was substantially certain to result from any act or omissions.
Considering the foregoing, we cannot say that the trial judge erred when he maintained the exception of no cause of action filed by the executive officers, or that the trial judge was wrong by maintaining the exception of res judicata filed by Texaco and one of the executive officers. We note further that if the pleadings do not adequately recite an intentional tort cause of action against any of the Texaco executive officers, the company itself cannot be required to defend against R.S. 23:1032 assertions.
Permitting supplemental and amended pleadings is within the discretion of the trial judge. We find no abuse in this case.
We affirm the appealed-from decisions, at appellants' cost.
AFFIRMED.
NOTES
[1] Case reported at 674 F.2d 443.