461 So.2d 443 (1984)
Darryl L. BROWN
v.
EBASCO SERVICES, INC., Tompkins-Beckwith, Inc., Louis Joseph, Hillary Jones, ABC Insurance Company, XYZ Insurance Company and Louisiana Power and Light Co.
No. 84-CA-133.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1984.
*444 Joseph W. Thomas and Ammon L. Miller, Jr., New Orleans, for plaintiff-appellant.
Esmond Phelps, II and John T. Costo, Phelps, Dunbar, Marks, Claverie & Sims, Paul B. Deal, Lemle, Kelleher, Kohlmeyer, Hunley, Moss & Erilot, New Orleans, for defendants-appellees.
Before CHEHARDY, BOWES and CURRAULT, JJ.
Writ Granted in Part, 462 So.2d 1235.
BOWES, Judge.
Plaintiff Darryl L. Brown instituted the present lawsuit against EBASCO Services, Inc., Tompkins-Beckwith, Inc., Louisiana Power and Light Co., and their respective insurers, as well as against two individuals, Louis Joseph and Hillary Jones. Plaintiff attempted to set forth a cause of action against the defendants for damages resulting from an injury suffered by him during his employment as an apprentice welder on the construction of the nuclear power plant in Taft, Louisiana. Tompkins-Beckwith, plaintiff's immediate employer, filed an exception of no cause of action, alleging that plaintiff's sole cause of action is under workmen's compensation law. EBASCO and Louisiana Power and Light filed exceptions of no cause of action and prescription.
The trial judge set the exception filed by Tompkins-Beckwith for trial. There was evidently some confusion as to which exception was to be heard, inasmuch as the judgment of the trial court dated June 28, 1983 dismissed EBASCO'S exception, which had never been set for trial. Counsel for Tompkins-Beckwith moved the court to reconsider its judgment, and the matter was set to be re-heard. It appears from the final judgment, erroneously dated October 29, 1983, that the Tompkins-Beckwith exception was finally reconsidered on November 29, 1983. In the interim, EBASCO and Louisiana Power and Light filed a motion for summary judgment, also heard on November 29th. At these trials, the court maintained the Tompkins-Beckwith exception of no cause of action, giving plaintiff 30 days within which to amend his petition; and summary judgment was granted in favor of Louisiana Power and Light and EBASCO. (Those latter defendants apparently have abandoned their earlier exceptions since they were not heard nor set for hearing.) It is from these judgments dismissing plaintiff's suit that this appeal has been perfected.
Louisiana Power and Light contracted with EBASCO to design and construct the Waterford 3 power plant. EBASCO, the general contractor, contracted with Tompkins-Beckwith (Brown's immediate employer) to perform pipefitting and other work on the construction site. The accident occurred as plaintiff was using a grinder, when the grinding blade flew off and struck Brown in the face, causing injury to his face and eyes. In his petition, the plaintiff alleged in pertinent part:

4
The said grinding wheel flew off and/or disintegrated because of the negligence of defendants, Louis Joseph and Hillary Jones, in rigging the grinding machine with a blade which they knew *445 was improper and otherwise not intended to be used with the grinding wheel.

5
The complained acts by defendants, Louis Joseph and Hillary Jones, were foreseeable and therefore was intended to cause harm and/or serious injury to plaintiff.

6
Petitioner's injuries resulted directly from the negligence of their employer, Tompkins-Beckwith, Inc., in failing to provide petitioner with a reasonably safe place to work and proper tools to work with, a non-delegable duty owed to petitioner by defendant, Tompkins-Beckwith.

7
Defendant, EBASCO Services, Inc., owed petitioner the non-delegable duty of providing and making certain that he was provided with a reasonably safe place to work and the proper tools to work with, and by failing to do so, they are liable to petitioner for the damages sued upon herein.

9
Louisiana Power and Light Company also owed the non-delegable duty of providing petitioner with and making certain that he was provided with a reasonably safe place to work and proper tools to work with; and in failing to do so they are liable to petitioner for the injuries sued upon herein.

10
As a result of the negligence of the herein named defendants, their agents and employees, and through no fault of petitioner's, petitioner suffered severe personal injury, mental pain and suffering and the loss of sight in his left eye.
Defendants argue that the petition alleges only negligence, not an intentional tort, and that they are therefore immune by reason of the compensation law, R.S. 23:1032. Plaintiff avers that paragraph 4 of his petition, quoted hereinabove, alleges intent sufficient to defeat an exception of no cause of action. We disagree with plaintiff.
The landmark case of Bazley v. Tortorich, 397 So.2d 475 (La.1981) interprets an intentional act under 23:1032 as follows:
The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.
Thus the exclusive remedy rule is inapplicable to intentional torts or offenses. Bazley, supra. There have been numerous attempts by district and appellate courts to apply Bazley. This court has recently held in the case of Mize v. Beker, 436 So.2d 1333 (La.App. 5th Cir.1983), writs denied 440 So.2d 761:
This much, however, seems certain: For an injured worker to pursue an R.S. 23:1032 tort claim, he must precisely allege acts or omissions that call for almost the same degree of proof as that required in a criminal proceeding. Otherwise, the petition language falls short, as it does in the instant case.
In affirming the district court which granted summary judgment in favor of the defendant employer, the court continued:
Should Mize prove all of his allegations, he would likely establish negligence but not that any defendant wanted appellant hurt or that any defendant knew that there was almost no chance of anything but an accident occurring.
Similarly, the Second Circuit in Reagan v. Olinkraft, Inc., 408 So.2d 937 (La.App. 2nd Cir.1981), on affirming a judgment sustaining an exception of no cause of action, stated:
Even if plaintiff proved all of the allegations of the petition, she would still be limited to workers' compensation benefits by R.S. 23:1032 since the allegations are insufficient to be an intentional tort even if proved. Thus, the exception of *446 no cause of action was correctly maintained.
Plaintiff cites Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984), in which the Supreme Court found that an allegation by the plaintiff that the employer's officers knew to a substantial certainty that their acts in violation of safety regulations would cause an explosion which injured the plaintiff, was sufficient to defeat an exception of no cause of action. In that case, the court found La.C.C.P. art. 856 to be controlling, that intent may be raised by a general allegation. We do not take Mayer to stand for the proposition that a cause of action which is clearly one in negligence can be transformed into an intentional tort merely by use of the magic words like "intent" or "intentional."
In the present case, the plaintiff specifically states that the injury complained of was the direct result of the negligence of his co-employee and employers, that defendants are culpable because of their failure to provide a safe place to work and proper tools, and that these duties are non-delegable. In short, plaintiff has stated a cause of action in negligence, not in intentional tort. He cannot claim that certain acts, because they had foreseeable consequences, were therefore "intended to cause harm." To do so obliterates a major distinction between intentional torts and negligence.[1]
We hold, therefore, that the mere mention of the words "intent" or "intentional" is insufficient to state an intentional act under R.S. 23:1032, when all of the allegations clearly demonstrate only a cause in negligence, for purposes of maintaining an exception of no cause of action. As did the court in Reagan, we find that even if plaintiff proved all the allegations of his petition, he would still be limited to benefits in compensation as to his employers since the allegations are insufficient to be an intentional tort even if proved. Consequently, we affirm the judgment of the trial court maintaining Tompkins-Beckwith's exception of no cause of action.
We have no difficulty in concluding that EBASCO is the statutory employer of plaintiff. Plaintiff has apparently conceded this self-evident fact and limits his appeal to allege that it was error to find Louisiana Power and Light was also immune under R.S. 23:1032 and 1061. Indeed, there is nothing in the record to contradict the statement in the affidavit of James M. Brooks, an EBASCO construction manager, that EBASCO is in the trade, business and occupation of providing major engineering and construction services for utility companies, including design and construction of major power facilities.
Brooks' affidavit also states that EBASCO entered into a contract with Louisiana Power and Light for engineering, construction and related services at Waterford 3; that EBASCO's general responsibilities included project management services, construction management, and home office engineering; and that EBASCO contracted with Tompkins-Beckwith to provide labor and materials for pipework and related services. By all definitions, EBASCO meets the requirements of a "principal" under R.S. 23:1032 and 1061.
Further, we find that L.P. & L. is also the statutory employer of plaintiff. Our Supreme Court, in Lewis v. Exxon, 441 So.2d 192 (La.1983), explained in some detail the type of work contemplated by R.S. 23:1032 and 23:1061:
Courts must look to the facts of each individual case to determine whether a particular activity is within the scope of a principal's trade, business or occupation. Generally, in order for a work or project to be within a principal's trade, business or occupation, it must be routine or customary, Benson v. Seagraves, 436 So.2d 525, 529 (La.1983); Reeves v. Louisiana & Arkansas Railway Co., 282 So.2d 503, 507-08 (La.1973), or some other type of activity which is necessary for the principal's day-to-day operations. Put another way, the works contemplated by the statute *447 are those activities which are an actual part of the nature and purpose of the principal's enterprise.
The affidavit of R.S. Leddick, a vice-president of L.P. & L., was offered by that party in conjunction with the motion for summary judgment. That affidavit stated, as is emphasized by the defendants, that Louisiana Power and Light is authorized by its Articles of Incorporation to construct and build (among other things) "all kinds of plants and systems for the manufacture... transmission ... or disposition of electricity... including any and all kinds of works, power plants, structures or substations in anywise connected with or pertaining to the production or generation of electricity."
It is apparent to this Court that the construction of the subject power plant is part and parcel of L.P. & L.'s enterprise, and necessary for its day-to-day operations.
L.P. & L. is a public utility mandated to provide service to its customers. It cannot refuse to provide such services by virtue of it's nature as a public utility. In order to fulfill its obligations for the manufacture and transmission of electricity, it is necessary that power plants be created, operated, and maintained. It is clearly not only a matter of L.P. & L.'s authority to construct such plants, but as we see it, it is also its duty to do so. In other words, the construction and operation of power plants is indivisible from the nature and purpose of L.P. & L.'s business, that is the supply of electrical power to the public.
We find support for this position in the cases of Gray v. L.P. & L. Co., 247 So.2d 137 (La.App. 4th Cir.1971); and Klohn v. L.P. & L. Co., 394 So.2d 636 (La.App. 1st Cir.1981), in which the same entity before us today was found to be a statutory employer of the respective plaintiffs in similar factual circumstances.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed in all respects.
Costs of this appeal are taxed as follows: because plaintiff perfected this appeal in forma pauperis, EBASCO, Tompkins-Beckwith, and Louisiana Power and Light Co. will each bear their virile share of costs.
AFFIRMED.
NOTES
[1] Bazley discusses the concepts of "intentional" acts as opposed to "voluntary" ones.