482 So.2d 40 (1986)
Charles BORNE
v.
EBASCO SERVICES, INC., et al.
No. 85-CA-471.
Court of Appeal of Louisiana, Fifth Circuit.
January 13, 1986.
Rehearing Denied February 18, 1986.
Gordon Hackman, Boutte, for plaintiff-appellant.
Darryl J. Foster, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for defendants-appellees.
*41 Before CHEHARDY, KLIEBERT and CURRAULT, JJ.
KLIEBERT, Judge.
This is an appeal by plaintiff-worker, Charles Borne, from a judgment dismissing his suit for negligence by summary judgment in favor of general contractor, Ebasco Services, Inc., and maintaining the exception of prescription in favor of building-owner, Louisiana Power & Light Company (LP & L).
Plaintiff was employed by Tompkins-Beckwith, Inc., who in turn was under contract with Ebasco to complete the process piping system of Waterford III, a nuclear powerplant owned by LP & L. On December 12, 1980, plaintiff was struck by a large U-bolt which was being installed by Tompkins-Beckwith at the LP & L jobsite.
Plaintiff originally sued only Ebasco, Inc., alleging that he was intentionally and/or negligently injured by Ebasco. In his first amended petition plaintiff named LP & L as defendant in January of 1981. After extensive discovery, Ebasco filed a motion for summary judgment and LP & L filed an exception of prescription.
In support of its motion for summary judgment, Ebasco introduced the affidavit of R.J. Milhiser, site manager for Ebasco, which stated that Ebasco contracted with LP & L to construct the Waterford III nuclear plant and that it in turn contracted with Tompkins-Beckwith to construct the plant piping process. Such work was in the normal trade and business of Ebasco which is in the trade of constructing power plants. Ebasco also introduced a copy of its contract with LP & L. Plaintiff filed no affidavits in opposition to the motion for summary judgment.
LP & L filed an exception of prescription to the amending petition which made it a party defendant on the grounds the accident occurred on December 12, 1980 and that it was not sued until January of 1981; hence, the plaintiff's claim in tort had prescribed. Both actions came up for hearing on May 2, 1985, at which time the district court maintained the motion for summary judgment and the exception of prescription.
In a case with almost identical facts, an employee of Tompkins-Beckwith, Inc., at the Waterford III site, sued Ebasco. This court, at page 446, in Brown v. Ebasco Services, Inc., 461 So.2d 443 (La.App. 5th Cir.1984), with Judge Bowes as its organ, stated:
We have no difficulty in concluding that EBASCO is the statutory employer of plaintiff. Plaintiff has apparently conceded this self-evident fact and limits his appeal to allege that it was error to find Louisiana Power and Light was also immune under R.S. 23:1032 and 1061. Indeed, there is nothing in the record to contradict the statement in the affidavit of James M. Brooks, an EBASCO construction manager, that EBASCO is in the trade, business and occupation of providing major engineering and construction services for utility companies, including design and construction of major power facilities.
Brooks' affidavit also states that EBASCO entered into a contract with Louisiana Power and Light for engineering, construction and related services at Waterford 3; that EBASCO's general responsibilities included project management services, construction management, and home office engineering; and that EBASCO contracted with Tompkins-Beckwith to provide labor and materials for pipework and related services. By all definitions, EBASCO meets the requirements of a "principal" under R.S. 23:1032 and 1061.
On application for writs of certiorari in the Brown case, supra, the supreme court, in denying the writs in part and granting the same in part, at 462 So.2d 1235 (La. 1985), said:
Insofar as the judgments of the lower courts dismissed the action against Ebasco Services, Inc., the application is denied.
Therefore, in light of the facts and the applicable case law, the judgment of the district court dismissing plaintiff's claim *42 against Ebasco on a motion for summary judgment is affirmed.
Plaintiff, citing Foster v. Hampton, 381 So.2d 789 (La.1980), contends the suit against Ebasco interrupted prescription against LP & L because Ebasco and LP & L were solidary obligors.
As was noted by the supreme court in the Brown case, at 462 So.2d 1235, at page 1236 (La.1985), for purposes of applying R.S. 23:1032 it is doubtful LP & L and Ebasco had an employee-employer relationship which would subject them to a solidary obligation. Moreover, since Ebasco could not incur liability in tort it cannot be liable in solido with LP & L. Any liability of LP & L would be independent of Ebasco's; hence, prescription against LP & L ran notwithstanding the suit against Ebasco.
Accordingly, the trial court judgment maintaining LP & L's exception of prescription is affirmed. Plaintiff is to pay costs of the appeal.
AFFIRMED.