DUFRESNE, Judge.
Plaintiffs, Sidney King and his wife, Paulette appeal from the trial court’s ruling granting a motion for summary judgment.
The Kings filed this personal injury lawsuit, alleging that Sidney sustained injuries on October 21, 1983, at the Waterford III nuclear power plant in Taft, Louisiana. On the date of his injuries King was employed by Anco Insulation Corporation as a spot welder. The injury allegedly occurred when he came into contact with a welding machine which, he alleges had been defectively wired by the defendant, Ebasco Services, Inc.
At the time of the accident, Ebasco held the general contract with Louisiana Power and Light for the construction of the power facility. Ebasco subcontracted for welding services; and, in fact, had subcontracted with Anco to perform welding at Waterford III.
Ebasco filed a motion for summary judgment, on the grounds that it was the statutory employer of Sidney King. The trial court granted the motion and the Kings have appealed and seek relief from this court.
The sole issue on appeal is whether the trial court erred in determining that the defendant, Ebasco was the statutory employer of the plaintiff, Sidney King.
Louisiana Power and Light is the owner of the Waterford III nuclear power plant and contracted with Ebasco to provide engineering, construction management and related services for the Waterford III project. Ebasco employed Anco by contract under which Anco became obligated to insulate the plant piping system and equipment and perform related services. Anco employed Sidney King as a spot welder and insulator.
*1294 It is undisputed that at the time of King’s injuries he was employed by Anco, and was working in the course and scope of his employment.
The work performed by Anco was the type of work regularly and routinely necessary for Ebasco, and was essential to its trade, business and occupation of providing engineering and construction services as a utility company.
In Lewis v. Exxon Corporation, 441 So.2d 192 (La.1983), the Supreme Court outlined two elements of LSA-R.S. 23:1061, which must be satisfied in order for a principal to be considered a statutory employer. First, the work must be part of its trade, business, or occupation. Secondly, the principal must have been engaged in that trade, business or occupation at the time of the injury.
Following these guidelines and after examining the record, we find that Ebasco meets these requirements. Furthermore, Ebasco was equipped to handle the design and construction of a power plant, as well as manning and providing equipment. The record reveals that Ebasco had the resources to do the job without contractors such as Anco, in fact, Ebasco employees regularly and routinely performed insulating activities of the type which Sidney King was performing at the time of the accident.
Ebasco contracted to perform work for Louisiana Power & Light and was engaged in the performance of Louisiana Power & Light’s trade, business or occupation.
In Lewis, the court stated:
“Whenever a principal contracts to perform work for another, even if it is the first and only time that the principal plans to engage in such a project — he is, for the purposes of injuries resulting from that project, engaged in that trade, business or occupation.”
Ebasco is in the business of plant construction and in fact, was constructing Waterford III at the time Sidney King was injured. King’s work at the time of his injuries was work which was part of Ebas-co’s trade, business or occupation. We agree with the trial court, that Ebasco was King’s statutory employer. [See Brown v. Ebasco Services, Inc., 461 So.2d 443 (La. App. 5th Cir.1984)]. As a result King’s remedy would be through workmen's compensation and not in tort.
For the above reasons, the trial court’s ruling granting a motion for summary judgment is correct and is affirmed.
AFFIRMED