FORET, Judge.
This suit was filed by plaintiff, Dollie Ann Paridon, against defendant, Parish of Rapides, to recover damages she sustained on October 15, 1983 while she was driving a three-wheeler motorcycle on a road located at Camp Claiborne in Rapides Parish. After the trial judge granted defendant’s motion for summary judgment and dismissed plaintiff’s demands, plaintiff appealed.
FACTS
On or about October 15, 1983, plaintiff was riding a three-wheeled motor vehicle on U.S. Highway 165. Plaintiff turned off this highway and onto La. State Highway 112 in an area commonly referred to as Camp Claiborne, which is an abandoned military reservation in Rapides Parish. She traveled about two miles down Highway 112 and then turned onto another road. While traveling on this latter road, plaintiff struck a barbed wire fence and injured herself.
At the hearing on the motion for summary judgment, the defendant introduced the affidavits of Jack DeWitt, the head of the highway department for the Rapides Parish Police Jury; Danny Perkins, a road foreman for the Rapides Parish Police Jury; and Cecil Raggio, Parish Engineer of the Rapides Parish Police Jury Highway Department. These affidavits established that the roadway where plaintiff incurred her injuries was not a roadway under the care, custody, control, or maintenance of *781 the Parish of Rapides. Further, the road where the accident occurred was not even connected to a Rapides Parish road. In fact, the accident occurred on a U.S. Forestry Service road which connects with another forestry service road, which then intersects with a state road that in turn leads to parish roads. The road on which the accident occurred does not connect with any parish road.
In opposition to the defendant’s motion for summary judgment, plaintiff submitted numerous maps which show the location of the accident and memoranda in which she urges that the defendant should be legally responsible because it did not adequately designate which roads were parish roads and which were not parish roads.
The evidence shows that the accident did occur on a road other than a parish road; and that when plaintiff turned off of Highway 165 and onto Camp Claiborne, a sign, posted by the State, cautioned,
“WARNING ABANDONED ARMY CAMP
STREETS UNSAFE FOR TRAVEL USE STATE AND PARISH ROADS.”
Additionally, Perkins and Raggio testified that the Parish of Rapides did identify its roads with signs that were placed at the beginning of the parish roads.
The motion for summary judgment is governed by La.C.C.P. art. 966, which states, in part:
“... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” ...
Here, the defendant’s documents resolve all genuine issues of material fact. The defendant showed that (1) the road where the accident occurred was not maintained by the parish and was not under the care, custody, and control of the parish; and (2) the parish identified its roads adequately, in that it placed identifying signs at the beginning of the parish roads. Although the parish did not mark roads other than parish roads, they were under no duty to do so.
When documents in support of a motion for summary judgment are sufficient to resolve all genuine issues of material fact, their sufficiency shifts the burden to the other party to present evidence showing that a material fact is still at issue. Darville v. Texaco, Inc., 442 So.2d 1246 (La.App. 5 Cir.1983).
Plaintiff presented no evidence showing that a material fact was still at issue. She relied on numerous maps and a memorandum. These do not demonstrate that any material fact remained at issue.
DECREE
We affirm the trial court’s granting of defendant’s motion for summary judgment.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.