DUFRESNE, Judge.
We are asked to review this combined tort and workman’s compensation action in which the plaintiff alleges an intentional delictual act by his employer.
Plaintiff, Byron Carey (Carey) was employed by United Mechanical Contractors (UMC) and was injured on April 7, 1987, while operating a jackhammer to break up a concrete slab. Carey asserts that he always had the help of an assistant while operating the jackhammer, and, in fact it was customary in the trade, that a helper be provided to carry away broken pieces of concrete and to cut away the reinforcing rods imbedded in the concrete.
On April 7, 1987, Carey was operating a jackhammer with a helper, when later that day, they were reassigned to assist in pouring a slab by hauling cement in wheelbarrows. During this job Carey alleges he was ordered by his foreman, Rex Hathaway, to go back to the concrete slab he was breaking up earlier that day and finish the job without the assistance of a helper. While operating the jackhammer Carey alleges that his foot became entangled in the reinforcing wire imbedded in the concrete which caused him to trip and fall, severely injuring his left knee.
In response to Carey’s petition for damages the defendant insurer, Employer’s Casualty Company (UMC is not before this court, as it was not served nor has it appealed) filed exceptions of no cause of action and prematurity. After hearing the exceptions the trial court granted the insurer’s exception and gave the following reasons for judgment.
“Plaintiff simply does not allege any facts that would lead to the conclusion that UMC or its employees either intended to injure him or were substantially certain injury would occur. Plaintiff’s allegations, in this court’s opinion, do not even reach the level of wilful or wanton conduct, much less intentional conduct. Our courts have consistently held that a plaintiff cannot escape the exclusive remedy provisions of the Act by adding the word “intentional” to facts which clearly are elements of a cause of action in negligence. See e.g. Erwin v. Excelo [Excello] Corporation, 387 So.2d 1288 (La.App. 1st Cir.1980); Brown v. Ebasco Services, *950 Inc., 461 So.2d 443 (La.App. 5th Cir.1984), writ granted in part at 462 So.2d 1235, as to LP & L’s status; Reed v. Yor-Wil, Inc., 406 So.2d 236 (La.App. 1st Cir.1981); Tobin v. Jacobson, 369 So.2d 1161 (La.App. 1st Cir.1979).”
Carey has appealed only the dismissal of his intentional tort action and fails to assign any error to the dismissal of his compensation claim. Consequently, we shall limit our review to the decision of the trial court dismissing Carey’s intentional tort action.
Carey contends that Rex Hathaway’s conduct constituted intentional tortious behavior, sufficient to expose UMC and its insurer (Employers Casualty Company) to tort liability. The basis for Carey’s legal reasoning is an allegation that UMC, via Hathaway, “took away” his helper and ordered him to operate a jackhammer without assistance.
Furthermore, in Carey’s Second Supplemental and Amended Petition, he added Paragraphs XXXII and XXXIII, which alleges “intentional negligence” as a basis of tort liability, to wit:
XXXII
“Petitioner, Byron Carey, maintains and avers that the acts of intentional negligence of Byron Carey’s foreman and other defendants described, set out and alleged in Paragraph XXII and XXIII of plaintiff’s original petition were acts which were wilful, wanton, and intentional in that in ordering Bryon Carey to operate his jackhammer without an assistant or helper, the defendants intended to injure Byron Carey or knew or should have known that an injury to Byron Carey was substantially certain to follow.
XXXIII
The defendants, ordering Byron Carey to operate his jackhammer in breaking up a concrete slab without the assistance of a helper, when the defendants knew or should have known that injury to Byron Carey was substantially certain to follow, constitutes conduct on behalf of the defendants, which can only be defined as wilful or wanton conduct by the defendants who know or should have known that as a result of such wilful, wanton and/or intentionally negligent conduct that an injury to Byron Carey was substantially certain- to follow.”
Carey argues that the above language set forth allegations with particular clarity and detail sufficient to state a cause of action for an intentional tort. We do not agree. After reading the factual allegations contained in Carey’s original petition, as well as the First and Second Supplemental and Amending Petitions, we find no logical or factual basis for concluding any intentional conduct or even wilful or wanton negligence.
Carey does not set forth facts that would lead to the conclusion that UMC or any of its employees either intended to injure him or were substantially certain that their conduct or misconduct would cause injury.
Carey’s allegations of “failing to provide a helper”; “failing to provide safe working conditions”; and “failing to warn plaintiff (Carey) of the danger of working alone with a jackhammer”, under the facts given in this case are simply allegations of negligence and do not rise to the level of wilful, wanton, or gross conduct, much less intentional.
We have held that a cause of action which is clearly one in negligence cannot be transformed into an intentional act merely by assertions and usage of words like “intent” or “intentional”. In Brown v. Ebasco Services, Inc., 461 So.2d 443 (La.App. 5th Cir.1984) we stated:
“In short, plaintiff has stated a cause of action in negligence, not in intentional tort. He cannot claim that certain acts, because they have foreseeable consequences, were therefore intended to cause harm. To do so obliterates a major distinction between intentional tort and negligence.”
“... the mere mention of the words ‘intent’ or ‘intentional’ is insufficient to state an intentional act under R.S. 23:1032, when all of the allegations clear *951 ly demonstrate only a cause in negligence, for purposes of maintaining an exception of no cause of action.”
We do not agree that Carey’s alleged facts are sufficient to establish that UMC (via its employees) knew or should have known that injury to Carey was substantially certain to follow when his foreman (Hathaway) ordered him to use a jackhammer without a helper; negligent maybe, certainly not intentional. No matter how Carey attempts to cover the canvas with the broad strokes of “intent”, his characterization of UMC’s conduct, established by the facts alleged in his petitions, clearly do not adequately or sufficiently paint a picture of intentional tort. We conclude this action is a workman’s compensation case and accordingly, affirm the decision of the trial court.
AFFIRMED.
CHEHARDY, J., concurs.