McClendon, j.
|Jn this tort action, an employee appeals the trial court’s judgment granting its employer’s exception raising the objection of no cause of action. After reviewing the petition and applicable law, we reverse and remand this matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
On July 24, 2012, plaintiff, Adrian Ca-dor, who was in the course and scope of his employment with KPAQ Industries, LLC, was allegedly injured when a clamp truck/forklift (hereinafter “forklift”) operated by another employee, Richard McIntosh, backed up and rolled over plaintiffs foot. Plaintiff alleges that KPAQ rented the forklift from Deep South Equipment Company.
In February 2013, plaintiff filed suit against Deep South and the forklift’s alleged manufacturer, Hyster Company,[1] al *346 leging that plaintiffs injuries were “solely, primarily and/or proximately caused by the negligent acts and/or omissions of the Defendants, Deep South Equipment Company and Hyster Company.” Specifically, plaintiff alleged that the forklift was improperly maintained and/or malfunctioned because, unbeknownst to him or his co-employee operating the truck, “the back up alarm on the forklift was not working/’
In July 2013, plaintiff filed a “First Supplemental and Amending Petition for Damages,” naming his employer, KPAQ, and his co-employee, McIntosh, as defendants. Plaintiff alleges that KPAQ and McIntosh (hereinafter collectively referred to as “the employer”) violated OSHA regulations. Plaintiff additionally alleges that his employer knowingly and intentionally subjected him to a dangerous process, instrumentality, or condition within business operations, with the knowledge that the harm to plaintiff was a substantial certainty or possibility. Specifically, in his first supplemental and amended petition, plaintiffs allegations directed at the employer consist of the following:
_j£. Failing to properly maintain the forklift;
b. Negligent repair of forklift;
c. Failing to check the functioning of the forklift prior to placing it into service;
d. Wanton and reckless disregard of the existence of a dangerous process, procedure, instrumentality, or condition with business operations;
e. Knowingly and intentionally subjecting Petitioner to a dangerous process, procedure, instrumentality, or condition within business operations, with the knowledge that the harm to the Petitioner is a substantial certainty or possibility;
f. Wanton and reckless disregard of the Petitioner’s safety;
g. Wanton and reckless disregard of Occupational Safety and Health Administration (“OSHA”) regulation 29 C.F.R. § 1926.601 et seq;
h. Wanton and reckless disregard of OSHA regulation 29 C.F.R. § 1910.178 et seq;
i. Wanton and reckless' disregard of OSHA regulation 29 C.F.R. § 1918.65 et seq;
j. Wanton and reckless disregard of other applicable OSHA regulations;
k. Intentional tort;
l. By other acts of negligence and fault which were the cause of the accident sued upon and which will be shown at the trial of this matter and which acts and/or omissions constituted negligence which was the proximate cause of this accident.
Thereafter, the employer filed a peremptory exception raising the objection of no cause of action, asserting that plaintiffs claims were barred by the Louisiana Workers’ Compensation Act, LSA-R.S. 23:1020.1 et seq., which provides the exclusive remedy for an employee who is injured during the course and scope of his employment. In opposition, plaintiff alleged that his petition stated a cause of action for an intentional tort such that his claim against his employer was not barred by workers’ compensation. See LSA-R.S. 23:1032 B.[2] Although the employer ac *347 knowledged the exception for intentional acts, the employer contended that plaintiff’s eonclusory allegations against it did not rise to the level of an intentional act.
14Following a hearing, the trial court, concluding that the employer’s alleged actions do “not necessarily rise to the level of an intentional tort,” granted the employer’s exception and dismissed the employer from the litigation. The plaintiff has appealed, contending that his petition states a cause of action for an intentional tort against his employer.
DISCUSSION
The objection that a petition fails to state a cause of action is properly raised by the peremptory exception. LSA-C.C.P. art. 927A(5). A trial court’s judgment sustaining the peremptory exception raising the objection of no cause of action is subject to de novo review by án appellate court, employing the same principles applicable to the trial court’s determination of the exception. Johansen v. Louisiana High School Athletic Ass’n, 04-0937 (La.App. 1 Cir. 6/29/05), 916 So.2d 1081, 1086. The purpose of the exception of no cause of action is to determine the sufficiency in law of the petition, in terms of whether the law extends a remedy to anyone under the petition’s factual allegations. Id. Generally, the exception is triable on the face of the pleadings, and for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition are accepted as true in order to determine whether the law affords a remedy to anyone under, the facts alleged in the petition. Id.
The Louisiana Supreme Court has held that in order to meet the intentional act exception of the Workers’ Compensation Act, an employee must establish that the employer either (1) consciously desired the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Bazley v. Tortorich, 397 So.2d 475, 481 (La.1981).
Following Bazley, the Louisiana Supreme Court addressed the intentional act exception within the context of an employer’s exception of no cause of action in Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). In Mayer, the “employee merely alleged that the employer’s officers knew to a substantial | scertainty that their acts in violation of safety regulations would cause an explosion which injured the plaintiff.” 444 So.2d at 619. The trial court had sustained the employer’s exception of no cause of action, given the eonclusory manner in which the employee alleged the element of intent The Louisiana Supreme Court affirmed the appellate court’s reversal, indicating that LSA-C.C.P. art. 856 was controlling and that the issue should be decided exclusively under that article. Id. at 620. The article provides, in pertinent part: “Malice, intent, knowledge, and other condition of mind of a person may be alleged generally.” The court indicated that “plaintiffs allegation that he was injured by an intentional act set forth a well pleaded fact because intent may be alleged generally.” Id. As such, the court concluded that accepting the well-pleaded facts in the petition as true, “plaintiff has sufficiently stated a cause of action for recovery due to a personal injury resulting from intentional acts by the defendant’s employees.” In so holding, the court stated that the defendant’s attempt “to penetrate the plaintiffs general allegation of intent to demonstrate that plaintiffs injuries did not in fact result from an intentional act ... is *348 the function of a motion for summary judgment ... and not that of an exception of no cause of action.” Id.
Subsequently, in Carey v. UMC (United Mechanical Contractors), 553 So.2d 472 (La.1989), the Louisiana Supreme Court reversed an appellate court’s affirmation of the granting of an employer’s exception raising the objection of no cause of action. In Carey, an employee who injured his left knee while operating a jackhammer in the course and scope of his employment, contended that his employer’s act of “ordering [employee] to operate his jackhammer without an assistant or helper” was “[willful], wanton, and intentional” and that the employer “intended to injure [employee] or knew or should have known that an injury to [employee] was substantially certain to follow” Carey v. UMC (United Mechanical Contractors), 550 So.2d 949, 950 (La.App. 5 Cir.1989). In reversing the appellate court, the Louisiana Supreme Court stated:
| (¡Plaintiffs petition asserts that defendants intended to injure him or knew or should have known that his injury was substantially certain to follow. Conditions of the mind such as malice, knowledge, and intent may be alleged generally. La.C.C.P. art. 856. Furthermore, the purpose of the exception of no cause of action is to determine the sufficiency of the petition and is triable on the face of the papers. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). The merit of plaintiffs claim is to be determined after findings of fact upon motion for summary judgment or trial on the merits.
Carey, 553 So.2d 472.
Other circuits have interpreted the holding in Carey to imply that an exception of no cause of action is an improper procedural vehicle to dismiss an intentional tort claim against a plaintiffs employer. Trahan v. Trans-Louisiana Gas Co., Inc., 618 So.2d 30, 31 (La.App. 3 Cir.1993); McKee v. Inspectorate America Corp., 636 So.2d 305, 306 (La.App. 4 Cir. 4/14/94), writ denied, 94-1269 (La.9/2/94) 643 So.2d 144; Rose v. XYZ Cable Co., Inc., 600 So.2d 774, 776 (La.App. 5 Cir.1992). Cf. Williams v. Charity Hospital, 499 So.2d 1260 (La.App. 4 Cir.1986) and Wilson v. State, DHHR, 628 So.2d 1164 (La.App. 3 Cir.1993).
In this case, the plaintiff alleges that his employer knowingly and intentionally subjected him to a dangerous process,, instrumentality, or condition within business operations, with the knowledge that the harm (to plaintiff was a substantial certainty or possibility. Based on the foregoing discussion, we must conclude that plaintiff has stated a cause of action for an intentional tort against his employer.
CONCLUSION
For the reasons above, we reverse the trial court’s February 25, 2014 judgment granting the employer’s exception raising the objection of no cause of action, and we remand the case for further proceedings. Costs of this appeal are assessed to appel-lees, KPAQ Industries, L.L.C. and Richard W. McIntosh.
REVERSED AND REMANDED.

. Plaintiff later amended his petition to name Nacco Materials Handling Group, Inc., the *346 purported former parent company of Hyster, as a defendant.

. Louisiana Revised Statutes 23:1032B provides:
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the lia *347 bility, civil or criminal, resulting from an intentional act. (Emphasis added.)