STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2025 CA 0260

LORI BERNIER

VERSUS

ST. TAMMANY PARISH SCHOOL BOARD, MELISSA
SCHOEGEL, INDIVIDUALLY AND ON BEHALF OF MINOR
CHILD, E.L. AND ABC INSURANCE COMPANY

Judgment Rendered: **NOV 07 2025**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2023-15998, Division F

Honorable Vincent J. Lobello, Judge Presiding

* * * * *

| | |
|---|---|
| Laura L. Catlett<br>Metairie, LA | Counsel for Plaintiff-Appellant,<br>Lori Bernier |
| Paul E. Harrison<br>Mandeville, LA | Counsel for Defendant-Appellee,<br>Melanie Schloegel |
| Ronald K. Lospennato<br>New Orleans, LA | Counsel for Defendant-Appellee,<br>St. Tammany Parish School Board |

* * * * *

**BEFORE: THERIOT, PENZATO, AND BALFOUR, JJ.**

**BALFOUR, J.**

In this tort action, the plaintiff, Lori Bernier, appeals a judgment granting an exception of no cause of action and dismissing her claims against the defendant, St. Tammany Parish School Board. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In October 2023, Lori Bernier filed a tort action against her employer, St. Tammany Parish School Board (the "Board") and Melanie Schloegel[1], individually and as the parent of the minor child, E.L. Bernier's petition sets forth the following pertinent allegations:

3.
On October 4, 2022, while performing her duties as a paraprofessional at Covington Elementary, Petitioner, Lori Bernier, was suddenly and violently attacked by minor child, E.L., who was a third grade student at the school.

4.
Earlier that same day, E.L. had caused another student injury when he hit the student while eating, which caused the student's cheek to be punctured with a fork.

5.
Despite having recently caused physical injury to another student, E.L. was allowed to remain at school, where he would later attack Lori Bernier and another employee who tried to help stop the attack.

6.
On many other occasions prior to the attack (s) [*sic*] described herein, E.L. had made violent outbursts, terrorized other students and staff members and caused extensive property damage.

7.
[The Board] knew in advance of the occurrence of the first physical attack on a student on October 4, 2022 and that E.L. was prone to sudden, unprovoked, angry, violent outbursts. [The Board] failed to adequately address the issues with E.L., which should have warranted removal from the school, particularly on a day where a student was injured.

---

[1] Melanie Schloegel was incorrectly named as "Melissa Schoegel" in Bernier's original petition. On January 2, 2024, Bernier filed an amended petition to correctly state Schloegel's first name. In pleadings filed by Schloegel, she spells her last name "Schloegel." Accordingly, we use "Schloegel."

Bernier further alleged in her petition that the physical assault she suffered was "foreseeable and preventable" and the Board "failed to exercise reasonable care for the safety of its employees" and exposed its employees to "unreasonable risks of injury or harm." Bernier alleged that the Board's administrators and employees "intentionally ignored E.L.'s problem behavior, failed to implement discipline and/or follow educational plans, failed to properly record reports of E.L.'s behavior and focused on keeping E.L.'s parent satisfied." Bernier alleged that the Board was vicariously liable for the acts and/or omissions of its administrators and employees. Bernier also alleged that the Board's administrators and employees' "flagrant disregard for the risks posed by E.L. were intentional and within the ambit of their assigned duties[.]" Bernier alleged that Schloegel failed to address her child's behavioral issues and was liable for his actions.[2]

On March 25, 2024, the Board filed a peremptory exception of no cause of action arguing Bernier's exclusive remedy for her alleged injuries arises under the Louisiana Workers' Compensation Act, La. R.S. 23:1021, *et seq.* The Board pointed out that Bernier alleged in her petition that she was in the course and scope of her employment at the time of the incident. The Board argued that Bernier's allegations against it sounded in negligence because she alleged that it failed to take action to prevent E.L.'s attack. Therefore, the Board argued under La. R.S. 23:1032, Bernier's exclusive remedy is workers' compensation.[3]

On July 24, 2024, a hearing was held on the Board's exception of no cause of action.[4] Following argument, the trial court granted the Board's exception, finding

---

[2] Bernier also named Schloegel's unknown insurer as a party defendant.

[3] Bernier apparently filed an opposition to the Board's exception of no cause of action, since the Board filed a reply to that opposition. However, the record before us does not contain Bernier's opposition.

[4] The trial court also heard exceptions raised by Schloegel at the July 24, 2024 hearing. Those exceptions are not at issue in this appeal.

Bernier's claims against the Board are barred by La. R.S. 23:1032, and Bernier "has not alleged sufficient facts to make these claims fall under an exception and will not be able to do so." On August 29, 2024, the trial court signed a written judgment granting the Board's exception of no cause of action and dismissing, with prejudice, Bernier's claims against the Board. Bernier appeals, arguing the trial court erred by granting the Board's exception because her petition contains sufficient allegations to assert a cause of action against the Board for intentional tort.

## LAW AND DISCUSSION

The objection that a petition fails to state a cause of action is properly raised by the peremptory exception. La. C.C.P. art. 927(A)(5). The burden of demonstrating that the petition states no cause of action is upon the mover. *Ramey v. DeCaire*, 2003-1299 (La. 3/19/04), 869 So. 2d 114, 119. A trial court's judgment granting the peremptory exception raising the objection of no cause of action is subject to de novo review by an appellate court, employing the same principles applicable to the trial court's determination of the exception. *Cador v. Deep South Equipment Co.*, 2014-1371 (La. App. 1 Cir. 3/6/15), 166 So. 3d 344, 347. Generally, the exception is triable on the face of the pleadings, and for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition are accepted as true in order to determine whether the law affords a remedy to anyone under the facts alleged in the petition. *Id.* The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *Ramey*, 869 So. 2d at 119.

Generally, an employee's exclusive remedy for injuries suffered during the course and scope of employment is through the Workers' Compensation Act; however, an exception is made for intentional acts. *See* La. R.S. 23:1032(B). The Louisiana Supreme Court has held that in order to meet the intentional act exception of the Workers' Compensation Act, an employee must establish that the employer

4

either (1) consciously desired the physical result of his act, whatever the likelihood of the result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981).

The Louisiana Supreme Court has explained that when considering whether an employee's petition states a cause of action against his employer based on the intentional act exclusion, La. C.C.P. art. 856 is "controlling." *Mayer v. Valentine Sugars, Inc.*, 444 So. 2d 618, 620 (La. 1984). Louisiana Code of Civil Procedure article 856 provides, in pertinent part, that "[m]alice, intent, knowledge, and other condition of mind of a person may be alleged generally." Therefore, an employee may generally plead the element of intent for purposes of the intentional act exclusion. *See Mayer*, 444 So. 2d at 620. *See also Carey v. UMC (United Mechanical Contractors)*, 553 So. 2d 472 (La. 1989) (explaining that where the plaintiff's petition alleged the defendants intended to injure him or should have known his injury was substantially certain to follow, the merit of his claim was a factual determination to be considered upon a motion for summary judgment or a trial on the merits).

As discussed, Bernier alleged in her petition that the Board is vicariously liable for its employees because their "flagrant disregard for the risks posed by E.L. [was] intentional[.]" Although Bernier did not specifically allege the Board knew that E.L.'s attack on her was "substantially certain" to follow from its acts and/or omissions, she alleged that the Board knew of E.L.'s behavioral issues and prior violent conduct, and was aware he had physically attacked another student on the same day he attacked Bernier. Accepting all of the allegations in Bernier's petition as true and applying the legal principles set forth above, we find Bernier stated a cause of action against the Board for an intentional tort. Accordingly, the trial court

erred by granting the Board's exception of no cause of action and dismissing Bernier's claims against the Board.

## CONCLUSION

For the aforementioned reasons, the trial court's August 29, 2024 judgment granting the peremptory exception of no cause of action and dismissing Lori Bernier's claims against St. Tammany Parish School Board is reversed. We remand this matter for further proceedings. Costs of this appeal in the amount of $1,336.80 are assessed to St. Tammany Parish School Board.

**REVERSED AND REMANDED.**