WATKINS, Judge.
This is an action brought by Frank Pennington and his wife, Josephine Pennington, for the allegedly wrongful death of their son, Michael Wayne Pennington, while clearing trees in the employ of Consolidated Gravity Drainage District Number One, a political subdivision of Tangipa-hoa Parish. Named defendants originally were Consolidated Gravity Drainage District Number One, Earl Kyzar individually and as Superintendent of Tangipahoa Consolidated Gravity Drainage District Number One, and Tangipahoa Parish Police Jury. A consent judgment was entered by the Penningtons dismissing Tangipahoa Parish Police Jury. However, the petition was amended to add Parish Government Risk Management Agency and Jack Cutrie or Cutrer, individually and as an employee of Consolidated Gravity Drainage District Number One, as parties defendant, and to allege that defendants knew or should have known fatal results were substantially certain to follow their conduct.
Defendants, Earl Kyzar, individually and as Superintendent of the Tangipahoa Con *699 solidated Gravity Drainage District Number One and Consolidated Gravity Drainage District Number One, filed an exception of no cause or right of action (sic) which was sustained by the trial court. Prom the dismissal of the suit, plaintiffs have appealed.
Michael Pennington was killed when a tree, which had been previously cut and became lodged in another tree, suddenly gave way and struck Pennington. A separate suit for worker’s compensation benefits was filed by the elder Penningtons, which was settled only as to worker’s compensation benefits at the close of a concur-sus proceeding. The present action, as we have stated, is for wrongful death.
As we have seen, plaintiffs have alleged that the younger Pennington’s employers knew that fatal injury was substantially certain to follow leaving an unmarked tree lodged in another tree. To avoid the general rule that an employee’s exclusive remedy in a job-related injury is in worker’s compensation, the employee must prove that the injury resulted from an intentional act. LSA-R.S. 23:1032, Bazley v. Tortorich, 397 So.2d 475 (La.1981).
Intention need not be alleged with particularity to state a cause of action for intentional tort in a job-related accident. A general allegation of intent is sufficient. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). See also LSA-C.C.P. art. 856. For that reason, it is unnecessary that the Penningtons’ petition allege intent with particularity to set forth a cause of action.
However, defendants contend that because of the prior settlement of the worker’s compensation suit a cause or right of action no longer exists for wrongful death.
First we should note that an exception styled an “exception of no cause or right of action” does not exist in Louisiana law. If exceptions are so pled, the exceptions will be considered to constitute both an exception of no cause of action and an exception of no right of action. See Johnston v. Cummins, 388 So.2d 432 (La.App. 2d Cir.1980).
As to the exception of no cause of action, we note that no evidence may be introduced to support this exception. LSA-C.C.P. art. 931. The well-pleaded facts of the petition are taken as true. Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir.1980). In the present case, the petition clearly states a cause of action for wrongful death, as we are not at liberty to consider evidence of settlement of the worker’s compensation claim, which was sought to be introduced by defendants.
As to the exception of no right of action, evidence may be received. LSA-C. C.P. art. 931; Morris v. Rental Tools, Inc., 435 So.2d 528 (La.App. 5th Cir.1983). The test is whether plaintiff belongs to the class of persons to whom the law grants a remedy for the particular harm alleged. Morris, supra.
As we have seen, a cause of action exists in tort for a job-related injury if the tort is intentional. This cause of action exists separate and apart from any claim for worker’s compensation. Assuming a cause of action is alleged in the petition, the issue is whether plaintiffs are the proper parties to bring the cause of action. Under LSA-C.C. art. 2315.1 the parents of an unmarried child are the proper parties to bring the action for wrongful death; therefore, the exception of no right of action should be overruled.
The judgment of the trial court is reversed, the exception of no cause of action and no right of action overruled and the case remanded, all costs to await final determination of the matter.
REVERSED AND REMANDED.