544 So.2d 700 (1989)
Daniel R. BANES, Plaintiff-Appellant,
v.
AMERICAN MUTUAL LIABILITY INS. CO. and Johnson-Massman, Defendants-Appellees.
No. 88-227.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
Fuhrer, Flournoy, Hunter & Morton, John E. Morton, Alexandria, for plaintiff-appellant.
Stafford, Stewart & Potter, Bradley Gadel, Alexandria, for defendants-appellees.
Before GUIDRY, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Plaintiff, Daniel Banes, brought suit against his employer, Johnson-Massman, (Johnson), and its insurer, American Mutual Liability Insurance Company (American), for the alleged wrongful reduction of plaintiff's *701 weekly benefits. Plaintiff filed his original petition on September 29, 1987, alleging a cause of action for worker's compensation benefits and a cause of action for intentional tort and/or unfair or deceptive trade practices. Defendants filed exceptions of prematurity, improper cumulation of actions, venue and vagueness. On December 7, 1987, the trial court held a hearing on these exceptions, after which the matter was taken under advisement. While the exceptions were being decided, plaintiff amended his petition to reform his second cause of action, adding a claim under the abuse of rights doctrine. On January 12, 1988, the district court rendered its ruling on the exceptions, finding that the plaintiff's first cause of action was premature and that venue for plaintiff's second cause of action was improper. It dismissed plaintiff's lawsuit against Johnson and American without prejudice at plaintiff's cost. Plaintiff appealed this determination. On May 31, 1988, defendants filed an exception of no cause of action with this court as to plaintiff's second cause of action. We reverse the district court's ruling on the exception of prematurity concerning plaintiff's first cause of action and remand the case to the district court for a trial on the merits. However, we also find that plaintiff's second cause of action is barred by the workmen's compensation exclusive remedy provision. Thus, we dismiss this portion of plaintiff's suit on the ground that it fails to state a cause of action against the defendants.

FACTS
On January 4, 1984, plaintiff sustained an injury during the course and scope of his employment with Johnson.[1] Plaintiff was subsequently provided with compensation benefits and medical treatment by American. In 1986, American apparently offered rehabilitation services to the plaintiff so that he could be retrained for some other type of employment. When plaintiff did not voluntarily accept rehabilitation services, defendants filed an application with the Office of Worker's Compensation (Office) to have plaintiff evaluated for rehabilitation purposes pursuant to LSA-R.S. 23:1226(C).[2] The Office issued a recommendation that plaintiff undergo rehabilitation services. When plaintiff still did not submit himself for rehabilitation evaluation, defendants reduced his weekly worker's compensation benefits by fifty (50%) percent pursuant to LSA-R.S. 23:1226(E).[3]

EXCEPTION OF PREMATURITY

APPLICABLE STATUTES
The following provisions of the Louisiana worker's compensation law, in effect at the time of the suit, are central to the prematurity issue.
"LSA-R.S. 23:1310:
A. If, at any time after notification to the office of the occurrence of death or injury resulting in excess of seven days lost time, a bona fide dispute occurs, the employee or his dependent or the employer or insurer may file a claim with the office on a form to be provided by the director.
B. In addition to any other information required by the director, the claim shall set forth the time, place, nature, and cause of the injury, the benefit in *702 dispute, and the employee's actual earnings, if any, at the time of the filing of the claim with the office.
LSA-R.S. 23:1310.1 provides in relevant part:
A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and may be admissible into evidence in any subsequent legal proceeding; however, the recommendation when admitted into evidence shall not be accorded any presumption of correctness as to the facts or the law. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties.
LSA-R.S. 23:1314:
A. The presentation and filing of the petition under R.S. 23:1311 shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed and:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention; or
(3) The employee has not been furnished copies of the reports of examination made by the employer's medical practitioners after written request therefor has been made under this Chapter.
B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the court to be without reasonable cause or foundation in fact or the petition is not accompanied by a copy of the certificate of the office as required by R.S. 23:1310.1.
C. The court shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.[4]
LSA-R.S. 23:1331(C) reads as follows:
C. At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1."
Plaintiff contends that the district court improperly dismissed his first cause of action on an exception of prematurity. He asserts that the Office failed to comply with its statutory duty to issue a new recommendation upon his request for a redetermination of the advisability of rehabilitation services under the Act. Thus, plaintiff claims that he is prejudiced by the Office's refusal to issue another recommendation and that he should be allowed to maintain his claim in the district court. We agree.
Plaintiff, in this case, did not reject the recommendation of the Office within thirty days as required by LSA-R.S. 23:1310.1. *703 Thus, he was conclusively presumed to have accepted the Office's recommendation. When both parties accept the recommendation of the Office by not rejecting it, the proper procedure for seeking modification of the recommendation is through review pursuant to LSA-R.S. 23:1331(C). A claimant's right to worker's compensation benefits is not thereby preempted under LSA-R.S. 23:1310.1. Goudeau v. Gray & Co., Inc., 527 So.2d 55 (La.App. 3d Cir. 1988). Plaintiff's attorney requested redetermination of the Office's recommendation concerning rehabilitation services by a letter to the Office dated July 23, 1987. In that letter plaintiff's attorney referred to the Office's file number in this matter and stated in pertinent part:
"Medically, Mr. Banes is now suffering from an aggravation of arthritic changes as a result of his accident, in addition to the cervical disc surgery which was performed about June of 1985. Rehabilitation for an individual of this age and with the medical complications which Mr. Banes has is not advisable nor is it necessary. The only purpose for the request for rehabilitation by American Mutual Insurance Company was simply to find some basis to reduce Mr. Banes' compensation benefits.
Therefore, this letter is to request a redetermination of the advisability of rehabilitation services under the Act. Medical records and the opinions of Mr. Banes' treating physicians regarding rehabilitation have been requested and will be forwarded to your office as soon as possible."
The Office replied, acknowledging receipt of this correspondence. It stated that, "[p]ursuant to the Rules and Regulations governing the Worker's Compensation Administration, Rule LWC-14, it will be necessary that you complete and return the Attached Application for Rehabilitation Services (LDOL-WC-1005)." Plaintiff's attorney did not fill out and return the attached form. Instead, he wrote another letter to the Office on August 4, 1987, explaining that his client was not seeking rehabilitation services, but a reconsideration of the Office's prior determination. The Office refused to reconsider its previous recommendation and thus, there was no new recommendation which plaintiff could accept or reject.
Although plaintiff's attorney did not fill out and return form LDOL-WC-1005 entitled "Application for Rehabilitation Services," he clearly made a formal request to the Office by his letters of July 23 and August 4, 1987, for a redetermination of the Office's recommendation concerning the applicability of rehabilitation services. That request was sufficiently specific, and referred directly to a matter previously decided by the Office. Furthermore, LSA-R. S. 23:1331(C) does not require that a request for reconsideration be on any particular form. The statute simply states that "at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1." [Emphasis added.] Thus, under the circumstances here presented, the fact that plaintiff's attorney did not file a request for reconsideration on a specific form supplied by the Office did not relieve the Office of its statutory duty to issue a new recommendation.
In the instant case, plaintiff was unable to pursue procedural administrative avenues because of an administrative inadequacy. He brought this suit nearly nineteen months ago and the Office's response, which precipitated this suit, is over twenty months old. It would serve no useful purpose to further delay a decision for a substantial period of time by requiring the plaintiff to start over in the administrative process. Thus, we think it inappropriate to require the plaintiff to attempt to obtain a certificate of non-acceptance of the Office's recommendation pursuant to LSA-R.S. 23:1314(B). Consequently, we conclude that his suit should not have been dismissed *704 as premature.[5]

NO CAUSE OF ACTION
Plaintiff's second cause of action, as stated in his original petition, alleged a claim against defendants for the wrongful termination or reduction of plaintiff's worker's compensation benefits. In his original petition, plaintiff sought recovery of damages under the theories of intentional tort and/or unfair or deceptive trade practices. Plaintiff amended his petition to reform his second cause of action adding a claim for damages under the abuse of rights doctrine. The district court held that venue for plaintiff's second cause of action was improper and plaintiff appealed.[6] Subsequently, defendants filed in this court a peremptory exception of no cause of action as to plaintiff's second cause of action on the ground that plaintiff's exclusive remedies lie in the Louisiana Workmen's Compensation Act. LSA-C.C.P. art. 2163 permits the filing of a peremptory exception for the first time in the appellate court. This article makes consideration of such an exception discretionary with the court. South Louisiana Contractors, Inc. v. Freeman, 393 So.2d 461 (La.App. 3d Cir. 1981). Thus, in the interest of justice and expedience we will examine whether the plaintiff has stated a cause of action on any ground and render judgment.
LSA-R.S. 23:1032 provides that an employee's exclusive remedy against his employer for injuries suffered in the course and scope of his employment lies within the Louisiana Worker's Compensation Act. The wording of this statute makes manifest the legislative intent: "The rights and remedies herein granted ... shall be exclusive of all other rights and remedies of such employee ... against his employer[.]" The statute provides an exception for employees injured as a result of an "intentional act" on the part of their employers. To be intentional within the meaning of LSA-R.S. 23:1032, the employer must have consciously desired the physical result of his act or have known that that result was substantially certain to follow from his conduct. Yousufali v. Southland Corp., 467 So.2d 191 (La.App. 3d Cir.1985). Our Supreme Court in Bazley v. Tortorich, 397 So.2d 475 (La.1981), interpreted intentional acts to be the equivalent of intentional torts. Thus, the only statutory exception to workmen's compensation as a remedy is for intentional torts. Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App. 1st Cir.), writ denied, 386 So.2d 359 (La. 1980).
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. It is triable on the face of the papers, and for the purpose of determining the issues raised by the exceptions, the well pleaded facts in the petition and any annexed documents must be accepted as true. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). In the instant case, plaintiff does not allege that the injuries he originally sustained in the course and scope of his employment were due to an intentional tort. Rather, he alleges that defendants deliberately and willfully reduced compensation benefits and acted in violation of good faith, moral rules or elementary fairness.[7] However, *705 our legislature has expressly concerned itself not only with assuring compensation to injured workers, but with policing the procedures under which the claims are made and paid. Thus, LSA-R.S. 23:1201(E) and 23:1201.2 provide that penalties and attorney's fees are awarded to a claimant who is denied worker's compensation coverage if such denial was arbitrary, capricious and without probable cause.
In Physicians & Surgeons Hospital v. Leone, 399 So.2d 806 (La.App. 3d Cir.), writ denied, 401 So.2d 993 (La.1981), this court examined the issue of whether an injured employee covered by the Act could proceed in tort against her employer's compensation insurer, seeking damages for emotional and mental anguish arising from the insurer's failure to pay the employee's medical benefits. We concluded that the exclusive remedies against both the employer and its insurer were within the Worker's Compensation Act. Thus, we held that the compensation insurer of the employer was immune from a tort proceeding.
Accordingly, in the instant case, we hold that the worker's compensation scheme provides exclusive remedies for the factual allegations pled by plaintiff and that he has stated no cause of action to seek additional damages under any other theory of recovery.[8]
For the foregoing reasons, we reverse the district court's ruling on the exception of prematurity concerning plaintiff's first cause of action and remand this case to the trial court for a trial on the merits. The judgment of the district court granting defendant's exception of venue on plaintiff's second cause of action is hereby set aside. It is now ordered that the exception of no cause of action filed against plaintiff's second cause of action be sustained. All costs of this appeal are assessed equally against plaintiff and defendants.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NOTES
[1] We rely on the representations of the parties in their pleadings and briefs for the background facts contained in this section of the opinion.
[2] LSA-R.S. 23:1226(C) states:

"If rehabilitation services are not voluntarily offered or accepted, the director, upon application of the employee, employer, or insurer, may refer the employee to a qualified physician or facility for the evaluation of the practicality, the need, and the kind of service, treatment, or training necessary and appropriate to restore the employee to suitable gainful employment. On receipt of the evaluation, the director may recommend that the service and treatment recommended in the report, or such other rehabilitation treatment or service deemed necessary, be provided at the expense of the employer or insurer."
[3] LSA-R.S. 23:1226(E) provides in pertinent part:

"Refusal to accept rehabilitation as deemed necessary by the director or the court shall result in a fifty percent reduction in weekly compensation, including supplemental earnings benefits pursuant to R.S. 23:1221(3) for each week of the period of refusal."
[4] We note that in 1987, LSA-R.S. 23:1314 was amended to allow a plaintiff to present the certificate at or any time prior to the hearing on the matter. This change does not affect this court's disposition of the prematurity issue.
[5] In other cases, Louisiana courts have concluded that the failure of the Office to comply with its statutory duties should not bar the plaintiff from seeking redress in district court. See Disotell v. Wadsworth Golf Construction Company of the Southwest, 500 So.2d 371 (La.1987); McConnell v. Givens Timber Company, Inc., 511 So.2d 1258 (La.App. 2d Cir.1987); Demery v. D.R. Dupree, 511 So.2d 1268 (La.App. 2d Cir.), writ denied, 514 So.2d 456 (La.1987).
[6] We note that technically no appeal lies from a judgment maintaining an interlocutory exception of venue. LSA-C.C.P. art. 2164. However, this court may consider the matter and render judgment in the interest of justice and expedience. Metcalf v. Pool & Home Care, 467 So.2d 610 (La.App. 3d Cir.1985). We also note that venue would be proper in Rapides Parish in the instant case, if the plaintiff has alleged a cause of action for the recovery of damages for an offense or quasi offense. LSA-C.C.P. art. 74.
[7] We note that violation of a statute alone is not per se such an intentional act as will result in the employer's tort liability if injuries are sustained by the employee because of the violation. Mott v. River Parish Maintenance, Inc., 432 So. 2d 827 (La.1983). Furthermore, our review of the allegations contained in plaintiff's petition reveals nothing that would sanction the application of the abuse of rights doctrine to this case. For a discussion of when this doctrine can be applied see Illinois Central Gulf Railroad Co. v. International Harvester Co., 368 So.2d 1009 (La. 1979).
[8] Our holding sustaining defendants' exception of no cause of action as to plaintiff's second action, pretermits consideration of the other arguments raised by the parties on appeal.