550 So.2d 784 (1989)
Robert RUSHER, Appellant,
v.
WINNINGHAM NISSAN VOLVO, INC., Appellee.
No. 20767-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1989.
*785 John B. Morneau, Shreveport, for appellant.
Hicks & Bookter by Claude W. Bookter, Jr., Shreveport, for appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
NORRIS, Judge.
This is a petition under the workers comp statute for medical benefits, attorney fees and alleged damage to the claimant's credit rating when the employer failed to pay his medical expenses. The employer filed exceptions of prescription as to the medical benefits, no right of action as to the attorney fees, and no cause of action as to the damaged credit rating. The trial court sustained all exceptions and gave the claimant ten days to amend. When he failed to do so the trial court dismissed the suit. The claimant now appeals. We affirm.
The claimant filed suit on March 4, 1988 for an alleged work-related accident of August 11, 1984. At the time of the accident the workers comp statute did not set a limitation of actions for medical benefits. Earlier jurisprudence applied a one-year period. Brown v. Travelers Ins. Co., 247 La. 7, 169 So.2d 540 (1964). On April 1, 1985, the state supreme court declared that a ten-year period applied. Lester v. Southern Cas. Ins. Co., 466 So.2d 25 (La.1985). The legislature responded with Act 926 of 1985, which was signed by the governor in July 1985, published in the official journal in August 1985, and incorporated into the Revised Statutes as LSA-R.S. 23:1209 C. It provides:
§ 1209. Prescription; timeliness of filing; dismissal for want of prosecution
* * * * * *
*786 C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
This Act overrules Lester. See Melancon v. Lone Star Indus. Inc., 503 So.2d 631 (La.App. 4th Cir.1987), writ denied 503 So.2d 1017 (La.1987). Under its provisions, the Act did not become effective until January 1, 1986. LSA-Acts 1985, No. 926, § 3.
Statutes of prescription are remedial. They apply to all actions instituted after the effective date even though the cause of action accrued before the statute was enacted. Lott v. Haley, 370 So.2d 521 (La.1979); Billedeau v. Prather, 493 So.2d 920 (La.App. 3d Cir.1986); Achord v. City of Baton Rouge, 489 So.2d 1373 (La.App. 1st Cir.1986), writ denied 493 So.2d 641 (La.1986), cert. denied 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).
Even though prescriptive statutes are generally retroactive, they may not violate the constitutional prohibition against divesting a vested right unless they allow a reasonable time for those affected by the act to assert their rights. LSA-Const. art. 1 §§ 23, 24 (1974); Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); Achord v. City of Baton Rouge, supra. It is recognized that the legislature is the judge of the reasonableness of the time; courts will not interfere except when the time is so short as to amount to a denial of justice. Lott v. Haley, supra; Brown v. Reese, 532 So.2d 187 (La.App. 2d Cir.1988).
The legislature passed Act 926 in July 1985 but did not make it effective until January 1, 1986. In Brown v. Reese, supra, this court considered the argument that Act 926, by shortening the period to one year and extending a six-month grace period, was a denial of a vested right. We concluded that six months was a reasonable time for those affected by the Act to assert their rights. We still consider it reasonable. The argument advanced by the claimant in the instant case is identical. He filed his suit more than one year after the claim arose and after the grace period had expired.
The Act also provides for a three-year period in the event that payments were made under the comp law. In briefs to this court and the trial court, the employer states that it paid this claimant benefits totalling $2,232.69, ending on October 21, 1984. The employer refers to a "payment summary sheet" which is not included in the instant record. Even if payments were indeed made for the same injury, the instant claim would still be prescribed under § 1209C. Suit was filed over three years after the last payment.
The claimant correctly argues that workers comp provisions must be liberally construed in order to effectuate the beneficent purpose of relieving workmen of the economic burden of work-related injuries by diffusing the cost in the channels of commerce. Lester v. Southern Cas. Ins. Co., supra; Long v. Moses Motor Hotel Inc., 460 So.2d 1156 (La.App. 2d Cir.1984). However, when a law is clear and unambiguous and its application does not lead to absurd consequences, it should be applied as written. LSA-C.C. art. 9. The legislature established a period of limitation which is not susceptible of interpretation without altering the statutory language. The legislature also has a valid interest in barring, as a matter of public policy, suits based on stale claims where evidence might be destroyed or hard to obtain, and in setting a period of repose giving rise to a conclusive presumption of waiver of claim on the part of an employee who fails to bring his suit within the fixed period. Nini v. Sanford Bros. Inc., 258 So.2d 647 (La. App. 1st Cir.1972), aff'd 276 So.2d 262 (La. 1973). This argument does not present reversible error. The trial court properly sustained the exception of prescription.
*787 The second claim is for statutory attorney fees, LSA-R.S. 23:1201.2. This award is predicated on the assertion of a meritorious claim of benefits and a failure to pay which is "arbitrary, capricious, or without probable cause." Since the principal claim was prescribed, the refusal to pay was not arbitrary, capricious or without probable cause.
Strictly speaking, the exception of no right of action was not the correct vehicle for attacking the claim. The employer is not challenging the claimant's interest in, or ownership of, the subject matter. See Guillory v. Nicklos Oil & Gas Co., 315 So.2d 878 (La.App. 3d Cir.1975). However, the court may notice on its own motion the grounds for an exception of no cause of action. LSA-C.C.P. art. 927; Livings v. Reliance Ins. Co., 525 So.2d 620 (La.App. 3d Cir.1988), writ not considered 530 So.2d 557 (La.1988) and citations therein. We feel that a claimant whose principal comp claim has prescribed has no cause of action for attorney fees. This claim was properly dismissed.
The third claim is for loss of credit allegedly resulting from the employer's failure to pay the medical expenses. It is apparently based on the tort article, LSA-C.C. art. 2315. A worker who is covered by the workers comp statute must accept the provisions of that statute as his exclusive remedy. LSA-R.S. 23:1032. A tort claim for damages allegedly resulting from the employer's failure to pay is not allowed. Physicians & Surgeons Hosp. v. Leone, 399 So.2d 806 (La.App. 3d Cir.1981), writ denied 401 So.2d 993 (La.1981). The exception of no cause of action was properly sustained.
Perceiving no reversible error, we affirm the judgment. Costs are assessed to the appellant, Robert Rusher.
AFFIRMED.