563 So.2d 488 (1990)
William K. and Audrey M. HYMEL
v.
CIGNA PROPERTY AND CASUALTY COMPANIES and Deborah Segura.
No. CW 89 1980.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
Byard Edwards, Jr., Ponchatoula, for plaintiffs.
Charles T. Weigel, New Orleans, for defendants.
Before COVINGTON, C.J., WATKINS, J., and DOHERTY, J. Pro Tem.[*]
COVINGTON, Chief Judge.
Defendants, Cigna Property and Casualty Companies and Deborah Segura, have applied for a supervisory writ, contending that the denial of their exception of no cause of action by the trial court was in error. We granted the writ in order to address a question of apparent first impression in this Circuit: whether a worker's compensation claimant and his spouse have a cause of action for an alleged intentional tort by the compensation carrier's employee, in wrongfully terminating the claimant's benefits. We answer in the negative, and in so doing, follow our brethren in the Second and Third Circuits.
Plaintiffs, William K. and Audrey M. Hymel, filed suit separately from the proceedings in their worker's compensation claim. They named Deborah Segura, an alleged employee of and Cigna Property and Casualty Companies, as defendants. The petition states that in an attempt to punish plaintiff William Hymel for demanding his own doctor instead of one chosen by the carrier, Deborah Segura "arbitrarily and capriciously terminated" plaintiff's benefits and "maliciously and intentionally provided plaintiffs [sic] employer with false and mislead[ing] information that the plaintiff had refused medical treatment." Plaintiff was *489 consequently terminated from his employment, and subsequently filed this suit.
The defendants filed an answer and exception raising the objection of no cause of action, asserting that plaintiffs' sole remedy for any alleged wrongdoing was in the penalty provisions of the Compensation Act, and that defendants were immune from tort suit in this matter. The trial judge denied the exception without giving reasons.[1]
The applicable provision of the Louisiana Worker's Compensation Act is LSA-R.S. 23:1032. It states:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal ... or employee of such employer or principal, for said injury, or compensable sickness or disease.
An exception to this exclusivity provision is made for intentional torts. However, in this instance, the injured employee is not alleging that he was originally intentionally injured in the course and scope of his employment. Thus, this case is factually distinguishable from the one plaintiffs rely upon, Pennington v. Kyzar, 510 So.2d 697 (La.App. 1 Cir.1987), wherein the plaintiff was killed while performing his work. Rather, Hymel alleges that his employer's compensation carrier, through its employee, Deborah Segura, intentionally and wrongfully terminated his benefits.
This situation is factually similar to that in Banes v. American Mutual Liability Ins. Co., 544 So.2d 700 (La.App. 3 Cir. 1989). There, the plaintiff failed to submit himself for rehabilitation evaluation, which had been recommended by the Office of Worker's Compensation. His weekly benefits were consequently reduced by fifty percent pursuant to LSA-R.S. 23:1226(E). Plaintiff filed suit, alleging the wrongful termination or reduction of compensation benefits. The court there wrote:
In the instant case, plaintiff does not allege that the injuries he originally sustained in the course and scope of his employment were due to an intentional tort. Rather, he alleges that defendants deliberately and willfully reduced compensation benefits and acted in violation of good faith, moral rules or elementary fairness. However, our legislature has expressly concerned itself not only with assuring compensation to injured workers, but with policing the procedures under which the claims are made and paid. Thus, LSA-R.S. 23:1201(E) and 23:1201.2 provide that penalties and attorney's fees are awarded to a claimant who is denied worker's compensation coverage if such denial was arbitrary, capricious and without probable cause.
. . . . .
Accordingly, in the instant case, we hold that the worker's compensation scheme provides exclusive remedies for the factual allegations pled by plaintiff and that he has stated no cause of action to seek additional damages under any other theory of recovery. [Footnotes deleted]. 544 So.2d at 704-705.
We find the analysis and conclusion reached by our brethren in the Third Circuit[2] to be correct here. Plaintiffs have attempted to trigger the intentional tort exception to the exclusivity provisions of the Act by alleging an intent to cause hardship and suffering to plaintiff by the defendant(s) through the termination of benefits and furnishing false information to plaintiff's *490 employer. However, the phrasing of the petition, although skillful, does not remove the crux of the claim from the ambit of LSA-R.S. 23:1201(E) and 1201.2.
As was pointed out in Banes, supra, the legislature has concerned itself with policing the procedures under which the claims are made and paid, as well as with the establishment of compensation itself. Plaintiffs' only remedy is thus within the penalty provisions of the Worker's Compensation Act, not in tort.
For these reasons, the writ granted is made peremptory. The judgment of the trial court dismissing defendants' exception is vacated, and the trial court is hereby directed to enter judgment maintaining the peremptory exception raising the objection of no cause of action, dismissing plaintiffs' claims.
WRIT GRANTED AND MADE PEREMPTORY.
NOTES
[*] Judge Lewis S. Doherty, III, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.
[1] The record contains no written or signed order to this effect, but it does contain a minute entry dated November 20, 1989, stating that the exception was dismissed.
[2] In Rusher v. Winningham Nissan Volvo, Inc., 550 So.2d 784 (La.App. 2 Cir.1989), our brethren in the Second Circuit reached a similar result in a tort claim by an employee for loss of credit allegedly resulting from the employer's failure to pay medical expenses. Citing LSA-R.S. 23:1032, the court held that a worker covered by the compensation statute must accept its provisions as his exclusive remedy, and that there was no cause of action. "A tort claim for damages allegedly resulting from the employer's failure to pay is not allowed." 550 So.2d at 787.