LOBRANO, Judge.
John Alford and his wife, Jerry Dean Alford, appeal the trial court’s judgment maintaining defendant’s Exceptions of Lack of Subject Matter Jurisdiction and No Cause of Action. This court, must determine whether the cause of action provided in La.R.S. 22:1220 for alleged capricious acts of insurers is available to claimants whose original remedy falls exclusively under the Worker’s Compensation provisions.[1]
FACTS:
On August 4, 1989, plaintiff John Alford (Alford) injured his back while in the course of his employment with Banner Chevrolet. Alford was diagnosed with a herniated disc, and subsequently began receiving weekly compensation benefits from Banner Chevrolet’s Worker’s Compensation insurance carrier, Travelers Insurance Company (Travelers). In addition, Travelers provided treatment by an orthopedic surgeon of Alford’s own choosing, as well as examinations by a surgeon of Travelers’ choosing.
On July 31, 1990, Alford’s surgeon requested permission from Travelers to perform surgery on Alford’s back. Alford alleges that Travelers failed to make appropriate financial arrangements for the surgery, despite repeated requests from counsel. On October 11, 1991, Alford and his wife filed suit in District Court seeking damages against Travelers for bad faith claim practices, pursuant to La.R.S. 22:1220.
Approximately one month after filing suit, Alford underwent back surgery. Although the surgery was covered by Travelers, Alford persisted in his lawsuit. On November 20, 1991, Travelers filed Exceptions of Lack of Subject Matter Jurisdiction and No Cause of Action. Following a February 7, 1992 hearing, the trial court maintained Travelers exceptions, dismissing the suit on grounds that “plaintiffs’ exclusive remedy lies under the Louisiana Worker’s Compensation Statute, which provides exclusively for administrative remedies for allegations of arbitrary and capricious acts on the part of worker’s compensation insur- *908 anee carriers, and that La.R.S. 22:1220 does not apply to the actions of worker’s compensation insurance carriers.”
The Alfords brought this appeal. We affirm.
APPLICABILITY OF LA.R.S. 22:1220 TO WORKER’S COMPENSATION:
The cause of action asserted by the Al-fords, and their sole basis for jurisdiction in the district court, is La.R.S. 22:1220, which provides, in part:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A:
⅜ ⅜: ⅜: ⅜: ⅜ ⅜
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
The question for review is whether the basis for recovery against insurers provided in La.R.S. 22:1220 is available to claimants whose original remedy fell exclusively under the Worker's Compensation provisions. However, prior to the enactment of La.R.S. 22:1220, effective July 6, 1990, the courts had consistently held that a claim for insurance benefits in Worker’s Compensation could not be transformed into a general tort suit. Suarez v. Metropolitan Erection Co., 559 So.2d 29 (La.App. 4th Cir.1990), writ den. 561 So.2d 117 (La.1990); Hymel v. CIGNA Property and Casualty, 563 So.2d 488 (La.App. 1st Cir.1990), writ den. 567 So.2d 112 (La.1990); Boudoin v. Bradley, 549 So.2d 1265 (La.App. 3rd Cir.1989).
Our review of the applicable statutory scheme convinces us that La.R.S. 22:1220 does not apply to actions which originated in Worker’s Compensation. The Worker’s Compensation Statutes provide a cause of action against insurers for failure to provide surgery, and, on authority of the Louisiana Constitution, vest original jurisdiction over such claims in the Office of Worker’s Compensation.
La.R.S. 23:1201.2 provides Worker’s Compensation claimants with a basis for proceeding against insurers who fail to timely pay claims.
“Any insurer liable for claims arising under this Chapter ... shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after written receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject ... insurer, in addition to the amount of the claim due, to payment of all reasonable attorney’s fees for the prosecution and collection of such claim....”
La.R.S. 23:1203.A provides a claim for failure to provide medical expenses, including surgery.
“In every case coming before this Chapter, the employer shall furnish all necessary ... medical and surgical treatment ... recognized by the laws of this state as legal....”
Taken together, La.R.S. 23:1201.2 and 1203 provide Worker’s Compensation claimants with a cause of action against insurers for arbitrarily and capriciously failing to provide surgery.
Under Art. 5, Sect. 16 of the Louisiana Constitution, the Office of Worker’s Compensation is vested with original jurisdiction over Worker’s Compensation claims.[2] Pursuant to this constitutional au *909 thority, the Louisiana Worker’s Compensation scheme vests the Office of Worker’s Compensation with original jurisdiction over all claims which are set forth in the Worker’s Compensation statutes. La.R.S. 23:1310.3E provides:
“Except as otherwise provided by R.S. 23:1101(D) [pertaining to injuries caused by third parties] and 1378(E) [pertaining to reimbursement from the second injury fund], the [Office of Worker’s Compensation] hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this chapter.” (emphasis added)
Additionally, La.R.S. 23:1032, Exclusiveness of rights and remedies, provides:
“A.(l)(a) The rights and remedies herein granted to an employee ... on account of an injury ... for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee ... against his employer ... for said injury.
B. This exclusive remedy is exclusive of all claims.... ” (emphasis added)
Thus, by constitutional and statutory authority, the Office of Worker’s Compensation is vested with original jurisdiction over all claims arising out of the Worker’s Compensation statutes, including claims against insurers for arbitrarily or capriciously failing to provide surgery.
The Alfords argue that the legislature’s failure to expressly exempt Worker’s Compensation from the coverage of La.R.S. 22:1220 indicates their intent to include their claims within the ambit of the statute. We disagree. Even though Worker’s Compensation insurance claims are not expressly excluded from La.R.S. 22:1220, we do not find this fact dispositive of the issue. We note that R.S. 22:658(C), dealing with the method of payment by an insurer, specifically includes worker's compensation claimants and La.R.S. 23:1201.2 specifically makes R.S. 22:658(C) applicable to compensation claims. In contrast, R.S. 22:1220 makes no mention of compensation claimants and nowhere in the Worker’s Compensation statute is there a reference to R.S. 22:1220.
Accordingly, we hold that the Alford’s have no cause of action under R.S. 22:1220, and their exclusive remedy is the Worker’s Compensation Statute. For that reason, the district court does not have original subject matter jurisdiction.[3]
AFFIRMED.

. Pursuant to this Court’s internal rules, this matter was placed on the civil summary docket. Although appellee requested that the matter be returned to the regular docket, that request was denied.

. La.Const. Art. 5, Sect. 16, as amended effective November 7, 1990, reads:
"(A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as therefore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction of all *909 civil ... matters. (2) It shall have exclusive original jurisdiction ... except for administrative agency determinations provided for in (1) above...."

. We note that Acts 1991, No. 1031, effective January 1, 1993 amended and reenacted R.S. 22:1220, to be designated R.S. 22:782. The act further exempts worker’s compensation insurers. La.R.S. 22:3183.