608 So.2d 1016 (1992)
Theresa WEBER, Individually, and on behalf of her minor child, Anthony Weber; Johnny Weber and Charles Weber, Jr., Plaintiffs-Appellants,
v.
STATE of Louisiana, Defendant-Appellee.
No. 91-676.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1992.
Rehearing Denied December 8, 1992.
Writ Granted February 11, 1993.
Baggett, McCall, Robert C. McCall, Lake Charles, for plaintiffs-appellants.
Plauche, Smith, Michael J. McNulty III, Lake Charles, for defendant-appellee.
*1017 Before DOMENGEAUX, C.J., and COREIL[*] and PATIN[*], JJ., Pro Tem.
JOHN A. PATIN, Judge Pro Tem.
This is an appeal from a judgment sustaining a peremptory exception of no cause of action. The trial court ruled that the exclusive remedy was under the provisions of the Louisiana Worker's Compensation statute, La.R.S. 23:1032 et seq.
On April 17, 1989, Theresa Weber, widow of Charles Weber, Sr. filed a petition styled "claim for wrongful death." Named as defendants on Weber's petition were "[t]he State of Louisiana and its departments, Department of Corrections, and Office of Risk Management", (hereinafter D.O.C. & O.R.M.).
Weber's petition alleged that her husband, Charles Leon Weber, Sr., contracted a job related disease in 1984 while working at the Louisiana Correction and Industrial School, a state owned and operated facility. Later in 1988 his condition worsened and his physician, Dr. Rotenberg advised his condition was terminal unless he had a heart transplant and he further advised a "work-up" leading to a heart transplant. The State of Louisiana failed to authorize this necessary treatment and her husband died.
In response to this lawsuit D.O.C. & O.R.M. filed a peremptory exception of no cause of action. The trial court sustained this exception and dismissed the petition with prejudice. Weber appeals this ruling urging us to allow her action as an "intentional tort" lawsuit, exempt from the scope of the Louisiana Worker's Compensation Act.
We must accept all of the allegations in Weber's petition as true and sustain the trial court's ruling only if the law does not afford Weber a remedy under any evidence that is admissible under her pleadings. Ward v. Tenneco Oil Co., 564 So.2d 814 (La.App. 3d Cir.1990). Also see Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984).
La.R.S. 23:1032 provides:
A. (1)(a) The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, ... for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, ...
B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act. ...
The Louisiana Supreme Court has interpreted this legislation as providing that the exclusive remedy rule shall be inapplicable to intentional torts or offenses. Intent means the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. Bazley v. Tortorich, 397 So.2d 475 (La.1981).
In Caudle v. Betts, 512 So.2d 389, 391 (La.1987), the Louisiana Supreme Court elaborated on its holding in Bazley, supra, to-wit:
... when an employee seeks to recover from his employer for an intentional tort, a court must apply the legal precepts of general tort law related to the particular intentional tort alleged in order to determine whether he has proved his cause of action and damages recoverable thereunder.
Also see Dycus v. Martin Marietta Corp., 568 So.2d 592, 594 (La.App. 4th Cir. 1990), writ den., 571 So.2d 649 (La.1990), citing Caudle, supra, for the proposition that:
... in order to escape the ambit of the worker's compensation statute, the plaintiff must plead a particular intentional tort that can be classified within the *1018 scheme of well-known intentional torts. Although the Court has not abandoned the Bazley `substantially certain' test, Caudle indicates that the test will be applied only to acts which can be classified as traditional intentional tortssuch as battery, assault, false imprisonment, etc.
Weber argues that "[f]ailure to authorize necessary medical treatment ... where [D.O.C. & O.R.M. were] under an obligation under the applicable workman's comp law to provide this medical treatment, where it was known that failure to provide the treatment would result in the eminent [imminent] death of [Weber's husband]," constitutes an "intentional act" within the meaning of La.R.S. 23:1032.
The Worker's Compensation law is a fair exchange. On one hand the employer's liability exposure for unintentional acts is fixed in amount for personal injury by accident arising out of and in the course of employment. The employee's part of the bargain is that he or she is entitled to fixed benefits for personal injury under such conditions regardless of the employer's lack of fault. See 44 La.L.Rev. 1507 (1984).
Courts are to liberally construe the act:
The compensation statute, with its amendments, was designed to cover all employees who might reasonably be brought under its paternalistic protection. In [Dick v. Gravel Logging Company, 152 La. 993, 95 So. 99 (1922) ], the court said that the statute is humane in its purpose and that its scope should be enlarged and its provisions liberally construed so as to include all services that can reasonably be said to be within the said statute. If it is to be liberally construed so as to include all possible persons when they seek its protection, surely it would not do to say that the provisions of the statute should be restricted when persons, in order to recover in tort, are attempting to have themselves excluded from the coverage of the statute. Spanja v. Thibodeaux Boiler Works, 2 So.2d 668, 672 (La.App.Orl.1941).
The Act is not without a remedy for arbitrary, capricious denial of benefits. La.R.S. 23:1201(E) dictates a twelve percent penalty for non-payment of compensation under certain circumstances. La.R.S. 23:1201.2 provides for the addition of attorney's fees to the amount due where an actionable default in payment occurs.
In Boudoin v. Bradley, 549 So.2d 1265 (La.App. 3d Cir.1989), this court addressed a lawsuit brought for damages for alleged severe mental distress, allegedly caused by an insurance company's "intentional" termination of workers' compensation benefits. We held that the provisions for penalties and attorney fees are part of the legislative compromise and we declined to upset the balance by permitting tort damages where the legislature has determined that an administrative penalty is the plaintiff's appropriate remedy.
Banes v. American Mutual Liability Ins. Co., 544 So.2d 700 (La.App. 3d Cir. 1989), addressed a lawsuit for the alleged wrongful reduction of workers' compensation benefits. In holding that the Act provided the exclusive remedies for the factual allegations plead, and that the plaintiff had stated no cause of action to seek additional damages under any other theory, we explained that:
In the instant case, plaintiff does not allege that the injuries he originally sustained in the course and scope of his employment were due to an intentional tort. Rather, he alleges that defendants deliberately and willfully reduced compensation benefits and acted in violation of good faith, moral rules or elementary fairness. However, our legislature has expressly concerned itself not only with assuring compensation to injured workers, but with policing the procedures under which the claims are made and paid. Thus, LSA-R.S. 23:1201(E) and 23:1201.2 provide that penalties and attorney's fees are awarded to a claimant who is denied worker's compensation coverage if such denial was arbitrary, capricious and without probable cause.
Also see Hymel v. Cigna Property and Casualty Co., 563 So.2d 488 (La.App. 1st *1019 Cir.1990), writ den., 567 So.2d 112 (La. 1990).
This court addressed a lawsuit for damages of emotional and mental anguish allegedly caused by "failure and refusal" to pay for medical expenses in Physicians and Surgeons Hospital, Inc. v. Leone, 399 So.2d 806 (La.App. 3d Cir.1981), writ den. 401 So.2d 993 (La.1981). Citing La.R.S. 23:1032, we held that the insurer could raise the same defense of immunity from a tort proceeding that its insured (the employer) enjoyed. The trial court was correct in sustaining a peremptory exception of no cause of action and dismissing plaintiff's tort claims.
It is our duty to further the policies underlying and expressed by the Louisiana Workers' Compensation Act. We would do a great disservice to those policies were we to condemn employers to answer in tort for failure to pay workers' compensation benefits. Indeed the statutes cited herein, and sound civilian interpretation of them, forbid us from agreeing with Weber's seductive argument for an expansive reading of the limited "intentional act" exception. We must apply the general rule that the Act provides the exclusive remedy for "personal injury by accident arising out of and in the course of [the employee's] employment." La.R.S. 23:1031; La.R.S. 23:1032.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
DOMENGEAUX, C.J., concurs in the result.
NOTES
[*] Judges Joseph E. Coreil and John A. Patin, retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.