YELVERTON, Judge.
For an on-the-job injury which occurred in November 1990, Charles Sneed filed suit in the district court against the insurer of his employer, claiming damages for the insurer’s failure to settle within 30 days. The claim for damages was based on La. R.S. 22:1220(B)(2) [now R.S. 22:782(2)], providing a penalty for failing to pay a settlement within 30 days after an agreement is reduced to writing. The plaintiff alleged in the petition that his worker’s compensation claim had been settled by written agreement but that the defendant did not pay the settlement money until more than 30 days after the agreement was reached.
The defendant, Commercial Union Insurance Company, filed an exception of subject matter jurisdiction, asserting that jurisdiction vests exclusively in the Office of Worker’s Compensation.
The trial court overruled the exception, but went on to rule in the defendant’s favor on a motion for summary judgment, finding that the payment was made within the time limitation, and dismissing the plaintiff’s suit.
We affirm the dismissal. However, we do so for the reason that the exception of subject matter jurisdiction should have been maintained, and the suit dismissed for that reason.
In Alford v. Travelers Ins. Co., 609 So.2d 906 (La.App. 4th Cir.1992), writ denied, 613 So.2d 626 (La.1993), the court held that the Louisiana Worker’s Compensation statutes provide a remedy for claimants against insurers who arbitrarily or capriciously fail to timely pay claims, that this remedy is exclusive, and therefore, La.R.S. 22:1220 is not available to worker’s compensation claimants, and that the Office of Worker’s Compensation is vested with original jurisdiction over all such claims. We agree with that decision.
Although the trial court, after overruling the exception of jurisdiction, heard and decided the matter on a motion for summary judgment, jurisdiction over the subject matter cannot be conferred by consent of the parties, and a judgment rendered by a court which has no jurisdiction over the subject matter of the action is void. La. C.C.P. art. 3. For this reason, the judgment of the trial court on the motion for summary judgment is void. We affirm the ultimate dismissal of the case by the trial court however, because the court did not have jurisdiction over the subject matter.
Affirmed, at appellant’s costs.
AFFIRMED.
SAUNDERS, J., dissents.