636 So.2d 305 (1994)
Murphy J. McKEE
v.
INSPECTORATE AMERICA CORPORATION, Chas. Martin Inspection and Controls, Inc., and John Robbie.
No. 93-CA-1253.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 1994.
Bubrig, Waid & Conner, Brian J. Waid, New Orleans, and Archie B. Creech, New Orleans, for plaintiff-appellant, Murphy J. McKee.
Allen & Gooch, William H. Parker, III, Lafayette, for defendants-appellees, Inspectorate American Corp., Chas. Martin Inspection and Controls, Inc., Chas. Martin Corp., Inc., and John Robbie.
Before SCHOTT, C.J., and KLEES, BYRNES, ARMSTRONG and PLOTKIN, JJ.
KLEES, Judge.
Plaintiff, Murphy J. McKee, appeals the trial court decision granting the defendants' exception of no cause of action. After reviewing the record and applicable law, we reverse.
Plaintiff, unsure as to who his actual employer is, sued Inspectorate America Corporation, Chas. Martin Inspection and Controls, Inc., Chas. Martin Corporation, and John Robbie in tort after he was allegedly injured in an automobile accident which occurred while he was engaged in work related activity. In his petition, plaintiff claims that the accident, which transpired after plaintiff fell asleep while driving his vehicle, was "caused by the defendant's outrageous and intentional conduct in requiring petitioner to work grossly excessive hours without relief, thereby placing him at risk." Plaintiff also asserts that the "acts and omissions of defendants were intentional and certain or reasonably certain to result in petitioner's injury."
The trial court, which granted the defendants' exception of no cause of action, found that plaintiff had no remedy under tort law and was limited to bringing his action under the Workers' Compensation Act. On appeal, plaintiff enumerates the following assignments of error: 1) that a petition which alleges injury due to an intentional act may not be dismissed through the granting of an exception of no cause of action and 2) that if plaintiff's petition failed to adequately allege an injury resulting from an intentional act, he should have been granted leave to amend his petition. Since we find plaintiff's first assignment of error to be of merit, plaintiff's second assignment of error will not be discussed.
The gravamen of plaintiff's appeal is that his intentional tort action cannot be dismissed via an exception of no cause of action. Although we agree with the defendants that plaintiff's averment is not consistent with notions of judicial economy, the relevant jurisprudence supports plaintiff's contention.
In Carey v. UMC (United Mechanical Contractors), 553 So.2d 472 (La.1989), the Louisiana Supreme Court reversed an appellate court's affirmation of the granting of a defendant's exception of no cause of action, stating:
Plaintiff's petition asserts that defendants intended to injure him or knew or should *306 have known that his injury was substantially certain to follow. Conditions of the mind such as malice, knowledge, and intent may be alleged generally. La. C.C.P. art. 856. Furthermore, the purpose of the exception of no cause of action is to determine the sufficiency of the petition and is triable on the face of the papers. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). The merit of plaintiff's claim is to be determined after findings of fact upon motion for summary judgment or trial on the merits.
The order in Carey has been interpreted to imply that an exception of no cause of action is an improper vehicle to dismiss an intentional tort claim against a plaintiff's employer. Trahan v. Trans-Louisiana Gas Co., Inc., 618 So.2d 30, 31 (La.App. 3rd Cir.1993). Considering the above, the judgment of the trial court granting the exception of no cause of action is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
BYRNES and PLOTKIN, JJ., dissent with written reasons.
BYRNES, Judge, dissenting:
In Carey v. United Mechanical Contractors, 553 So.2d 472 (La.1989) the court noted that the "Plaintiff's petition asserts that defendants intended to injure him ...". In the instant case, when plaintiff's petition is read as a whole it becomes clear that plaintiff is alleging only that his injury was caused by unsafe working conditions of which the employer had knowledge, not that the employer wished him harm or committed an act which could normally be expected to invade the interests of another and which was the direct and immediate physical cause of the resulting damage. Adams v. Time Saver Stores, Inc., 615 So.2d 460, 462 (La.App. 4 Cir.1993).
This Court conducted a thorough analysis of the meaning of "intentional act" as used in the Worker's Compensation Law in Adams v. Time Saver Stores, Inc., supra, commencing at p. 462:
In Bazley v. Tortorich, 397 So.2d 475 (La. 1981) the court stated that:
"Courts in most states imposing such statutory or common law penalties for intentional misconduct have required the commission of a genuine intentional tort and have refused to stretch liability to include negligence, recklessness, or constructive intent." (Emphasis added.) 397 So.2d at 480.
* * * * * *
"... [P]laintiff's interpretation would thwart the legislative objective of broadening the class of defendants to be granted tort immunity. Instead, Act 147 of 1976 would have the reverse effect of restricting the exclusive remedy rule to claims of employees injured without any other person's fault. Any employee could bring suit and recover under article 2315 by pleading and proving that his injury was negligently caused by the voluntary conduct of his employer or co-employee.... In the absence of a clearer expression of legislative design to curtail drastically the workers compensation system, we cannot attribute such aims to the lawmakers." 397 So.2d at 482.
In Caudle v. Betts, 512 So.2d 389, 391 (La. 1987) the court stated:
"... [W]hen an employee seeks to recover from his employer for an intentional tort, a court must apply the legal precepts of general tort law related to the particular intentional tort alleged in order to determine whether he has proved his cause of action and damages recoverable thereunder."
In referring to "the particular intentional tort" in Caudle and "specific intentional tort" in Armstead v. Boh Bros. Construction Co., Inc., 609 So.2d 965 (La.App. 4 Cir.1992) it was not meant that plaintiff be required to pigeon-hole the tort or designate a specific traditional intentional tort by name in her pleadings; merely that plaintiff plead with sufficient specificity facts that have the attributes of an intentional act or tort as those terms have been understood traditionally in conformity with the intention of the legislature; as opposed to a broader definition of intentional act that would include foreseeable injury from known workplace hazards, *307 but no actual desire on the part of the employer that such injury should occur.
Likewise, the reference to "traditional intentional tortssuch as battery, assault, false imprisonment, etc." in Dycus, [v. Martin Marietta Corp.], 568 So.2d [592] at 594 [(La.App. 4 Cir.1990)] was not an attempt to limit claims to a predetermined list of labels, but to provide a non-exclusive group of examples of intentional torts in order to make it clear that the act or tort complained of must have one of the following characteristics:
1. The harmful consequence must be desired; or
2. Although the harmful consequence was not intended, the act must be one that could normally be expected to invade the interest of another, Claudle, 512 So.2d 389, 391, and is the direct and immediate physical cause of the resulting damage, e.g., striking someone in jest with no intention to cause serious injury, but serious injury does in fact result.... [Emphasis added]
[T]he legislature intended to include situations where employer fault results in violent injury to an employee when it enacted the Workers' Compensation Act. LSA-23:1021(1) specifically says "... violently, with or without human fault" and LSA-23:1021(7)(a) refers to "injuries by violence."
The legislature has revisited the Workers' Compensation Act on countless occasions over the years and the question of known workplace hazards is so obvious that had the legislature intended to provide the relief requested by Ms. Adams it could easily have added after the words "intentional act" in LSA-R.S. 23:1032 the phrase "or the failure to take reasonable steps to correct or prevent a known hazard in the workplace to the extent practicable." The coverage of the act was intended to be interpreted liberally, the exceptions narrowly. Bazley, supra; Weber v. State, 608 So.2d 1016 (La.App. 3 Cir.1992). This means that even if the term "intentional" evolves to have a broader meaning in general tort law, it would not give this court license to subvert the clear meaning of the legislature by expanding the scope of the exceptions to the Workers' Compensation Act by redefining the term intentional.
In Weber, supra, the court relied on Bazley v. Tortorich, Caudle v. Betts, and Dycus v. Martin Marietta, in maintaining the employer's exception of no cause of action in the face of allegations of intentional tort and provided an excellent analysis of the rationale of the Worker's Compensation Law which we adopt as our own: [Emphasis added]
The Workers' Compensation law is a fair exchange. On one had the employer's liability exposure for unintentional acts is fixed in amount for personal injury by accident arising out of an in course of employment. The employee's part of the bargain is that he or she is entitle to fixed benefits for personal injury under such conditions regardless of the employer's lack of fault. See 44 La.L.Rev. 1507 (1984).
Courts are to liberally construe the act: The Compensation statute, with its amendments, was designed to cover all employees who might reasonably be brought under its paternalistic protection. In [Dick v. Gravel Logging Company, 152 La. 993 95 So. 99 (1922)], the court said that the statute is humane in its purpose and that its scope should be enlarged and its provisions liberally construed so as to include all services that can reasonably be said to be within the said statute. It is to be liberally construed so as to include all possible persons when they seek its protection, surely it would not do to say that the provisions of the statute should be restricted when persons, in order to recover in tort, are attempting to have themselves excluded from the coverage of the statute. Spanja v. Thibodaux Boiler Works, 2 So.2d 668, 672 (La.App.Orl.1941). Id. 608 So.2d at 1018.
The issue here is whether the defendants' actions were intentional acts which fall under the exception to the compensation act. In the instant case, Ms. Adams alleges that Time Saver knowingly failed to provide her *308 with a safe place to work. This may be negligence or even gross negligence. However, as illustrated in Hood v. South Louisiana Medical Center, 517 So.2d 469 (La.App. 1 Cir.1987), failure to maintain safe conditions in the workplace may give rise to conditions "which, at most, could be said to have made the occurrence of an accident likely, but the circumstances fall short of indicating that injury to plaintiff was inevitable or substantially certain to occur." Id. at 471. More recently, in Suarez v. America Pecco Corp., 608 So.2d 294, 297 (La.App. 4 Cir.1992) this court followed Tapia v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 806 (La.App. 4 Cir.1991) and reversed the trial court's denial of summary judgment.
Mere knowledge and appreciation of a risk does not constitute intent. Reckless or wanton conduct by an employer does not constitute intentional wrongdoing. Gross negligence, disregard of safety regulations or the use of safety equipment is not sufficient. Williams v. Gervais F. Favrot Company, Inc., 573 So.2d 533 (La.App. 4th Cir.) writ denied 576 So.2d 49 (La.1991). National, policy considerations reflect that the employer's conduct must go beyond knowingly permitting a hazardous work condition to exist, ordering an employee to perform an extremely dangerous job, or willfully failing to furnish a safe place to work in order to constitute an intent to injure necessary under the exception. Id. at 540, quoting Larson, 2A Workman's Compensation Law, Section 68.13 (1989) Suarez, 608 So.2d at p. 297.
We deny Ms. Adams's claim not because she has failed to designate a specific intentional tort by name, which as we have discussed above is not required; but because her allegations raise only the question of negligence. Because of the exclusive nature of the worker's compensation remedy the defendants' negligence is not a material issue.
Based on this analysis, even if we concede that plaintiff's injuries occurred just as he alleges in his petition, he will not have proved that the defendant employer committed an "intentional act." Therefore, even though Adams v. Time Saver Stores, Inc., supra, was a summary judgment case, its reasoning, when applied to plaintiff's petition clearly indicates that plaintiff has failed to state a cause of action. See Weber v. State, 608 So.2d 1016 (La.App. 3 Cir.1992) where an exception of no cause of action was held to be appropriate under such circumstances.
PLOTKIN, Judge, dissents with written reasons:
Because I disagree with the majority's conclusion that a trial court may never grant an exception of no cause of action in favor of an defendant/employer asserting the exclusivity of worker's compensation when the plaintiff/employee has alleged that his work-related injury was caused by an intentional act, I respectfully dissent.
The majority correctly cites Carey v. United Mechanical Contractors, 553 So.2d 472 (La.1989). However, implicit in the Supreme Court's pronouncement in Carey, as quoted by the majority, is the requirement that an exception of no cause of action be denied when the plaintiff's allegations are based on intentional acts which can be proved only through evidence of "[c]onditions of the mind such as malice, knowledge, and intent."
In the instant case, the plaintiff's allegations that the employer committed an intentional act are not based on "conditions of the employer's mind," but on the simple fact that the plaintiff had been required to work too many hours and the employer knew that overworking its employees could easily result in automobile accidents. Such allegations are themselves insufficient to state a cause of action for intentional tort in my view.
This position is supported by this court's opinion in Williams v. Charity Hospital, 499 So.2d 1260 (La.App. 4th Cir.1986), in which the court upheld a trial court judgment granting an exception of no cause of action challenging a petition which asserted that the plaintiff's injuries were caused by the employer's intentional act. In affirming the decision, the court held that "the insertion of phrases using the word `intentionally' did not *309 transform plaintiff's assertion of an unsafe work place into an intentional act."
The Louisiana Third Circuit Court of Appeal has also affirmed the granting of an exception of no cause of action in employee cases in which the petition alleged that the exclusivity of the worker's compensation provisions did not apply because the injuries were caused by an intentional act on the part of the employer. See Wilson v. State, DHHR, 628 So.2d 1164 (La.App. 3d Cir. 1993).
Accordingly, I disagree with the rule promulgated by the majority in this case. I would hold that the determination of whether an exception of no cause of action should be granted should be limited by consideration of the exact allegations of the petition at issue in each case, not by the types of allegations made by the plaintiff. Thus, whether to grant an exception of no cause of action on a petition in which the plaintiff seeks tort recovery under the intentional tort exclusion to the worker's compensation exclusivity provisions should be determined by whether the plaintiff has indeed pleaded facts which might constitute an intentional tort, not whether or not he used the "magic words" "intentional tort." Since the allegations of the petition in this case are insufficient to constitute an intentional tort, even assuming that all the plaintiff's allegations are true, I would find that the trial court correctly maintained the exception of no cause of action.